**UNITED STATES of America, Plaintiff–Appellee/Cross–Appellant,**

**v.**

**John CUMMINS, Defendant–Appellant/Cross–Appellee.**

**Nos. 91–6036, 91–6150.**

United States Court of Appeals,
Sixth Circuit.

Argued June 9, 1992.

Decided July 16, 1992.

James E. Arehart, Asst. U.S. Atty., Louis DeFalaise, U.S. Atty., John M. Compton (briefed), Mark A. Wohlander, Asst. U.S. Attys., Lexington, Ky., Jacquelyn A. Jess, Asst. U.S. Atty. (argued), Covington, Ky., for plaintiff-appellee/cross-appellant.

Martin S. Pinales (argued and briefed), Edmund McKenna, Sirkin, Pinales, Mezibov & Schwartz, Cincinnati, Ohio, William L. Summers, Lexington, Ky., for defendant-appellant/cross-appellee.

Before: MARTIN and MILBURN, Circuit Judges; and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

John Cummins appeals his jury conviction for suborning perjury in violation of 18 U.S.C. § 1512(b). The Government, in its cross-appeal, contends that the district court erred, relying on *United States v. Davern*, 937 F.2d 1041 (6th Cir.1991) (vacated), by imposing a less severe sentence than that expressly prescribed by the Sentencing Guidelines.

## I

In June 1990, shortly after the Drug Enforcement Administration ("DEA") began investigating the drug-trafficking activities of Paul Adams, Kimberly Hurst—Adams' former girlfriend and a friend of Appellant Cummins—contacted a law-enforcement officer to volunteer information about Adams. The DEA investigation ultimately led to Adams' arrest on February 13, 1991.

On February 16, prior to a grand jury's returning an indictment against Adams, Hurst found on her front door a note asking her to telephone Cummins' wife. When Hurst made the call, Cummins answered. Informing Hurst that he had spoken to Adams since the arrest, Cummins suggested that Hurst serve as a character witness for Adams and that she disavow any knowledge of Adams' involvement with drugs. He also stated that he and Hurst should attempt to discredit inculpatory information that an individual named Robert Bruner was likely to divulge about Adams. After this conversation, Hurst talked to Cummins' wife regarding an unrelated matter.

Hurst then attempted to contact Alan Ernest, the DEA agent assigned to Adams' case. Before she was able to reach Ernest, she called Cummins again and expressed her disinclination to lie. Cummins replied that he understood, but he implored Hurst not to say anything to hurt Adams' case.

When Hurst reached Agent Ernest and told him about her conversations with Cummins, Ernest arranged for her to call Cummins from the DEA office. Having learned that Hurst would be called to testify before a grand jury, Ernest told Hurst to represent to Cummins that she already had been served with a grand-jury subpoena. Ernest supplied Hurst with questions for Cummins and tape-recorded a conversation during which Cummins advised Hurst to lie to the grand jury.

On February 21, 1991, a Lexington, Kentucky, federal grand jury issued an indictment charging Cummins with attempting corruptly to persuade Hurst to give false testimony and to cause her to withhold testimony from a federal grand jury in violation of 18 U.S.C. § 1512(b). During Cummins' trial, the court, over Cummins' objection, admitted evidence of Cummins' having supplied Adams with cocaine. Also, during the Government's opening statement and closing argument, the prosecutor referred to Cummins' association with Adams' drug dealings. Cummins failed, however, to raise an objection to the prosecutor's comments. Rejecting Cummins' contention that he was entitled to a finding of entrapment as a matter of law, the court overruled Cummins' motions for judgment of acquittal. The jury returned a verdict of guilty.

Declaring that application of the Sentencing Guidelines would result in too harsh a sentence, the district court, on August 30, 1991, employed a two-track sentencing procedure pending en banc consideration of *United States v. Davern*, 937 F.2d 1041 (6th Cir.1991) (vacated).[1] The court stated:

[M]y sentence under *Davern* is that Mr. Cummins be incarcerated for a period of 24 months. Now, if the en banc court determines the principles set out in *Davern* not to be good law, then my sentence as required by the guidelines is ... imprison[ment] for a term of 63 months.

In response to the court's inquiry, the Government offered no objection to the dual sentencing procedure. Both the Government and Cummins filed timely notices of appeal.

## II

The following issues are presented on appeal: (a) whether the district court erred by admitting, under Federal Rule of Evidence 404(b), evidence of Cummins' having supplied Adams with cocaine; (b) whether the admission of such evidence created a material variance from the indictment; (c) whether the prosecutor's conduct during the trial warrants reversal; (d) whether Cummins was entitled to a judgment of

---

1. After Cummins was sentenced, we voted for en banc consideration of the *Davern* decision and, on September 26, 1991, issued an order vacating the panel opinion in *Davern*.

acquittal on the basis of entrapment, or, as the Government contends, the entrapment defense was properly submitted to the jury; and (e) whether the district court erred in its sentencing of Cummins.

## III

### A

Cummins first contends that the court's admission of Hurst's testimony that Cummins supplied cocaine to Adams violated the provisions of Federal Rule of Evidence 404(b). Arguing that the evidence was not relevant to prove an element of the crime for which he was charged, Cummins submits that the evidence reflected adversely on his character and should have been excluded as evidence offered for an improper purpose. Cummins further contends that the evidence should have been excluded under the balancing provisions of Federal Rule of Evidence 403.

The Government responds that the challenged testimony was admissible to demonstrate Cummins' motive for encouraging Hurst to lie to the grand jury. Furthermore, asserts the Government, the need to present evidence of Cummins' motive far outweighed any potential prejudicial effect of the brief references to Cummins' involvement in drug trafficking.

A trial judge has broad discretion in determining whether evidence is admissible under Rule 404(b). *United States v. Ebens*, 800 F.2d 1422, 1433 (6th Cir.1986). The Rule provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Determining the admissibility of prior bad acts involves the two-step process of deciding (1) whether the evidence is offered for a permissible purpose and, if so, (2) whether its potential prejudicial effect outweighs its probative value. *United States v. Vance*, 871 F.2d 572, 575–76 (6th Cir.), *cert.*

*denied*, 493 U.S. 933, 110 S.Ct. 323, 107 L.Ed.2d 313 (1989).

As this court noted in *Vance*, Rule 404(b) " 'is actually a rule of inclusion rather than exclusion, since only one use [of prior bad acts] is forbidden and several permissible uses of such evidence are identified.' " *Id.* at 575 (quoting *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir.1985)). The prohibition imposed by the Rule is limited to the use of bad-act evidence of character offered to prove that a person acted, at a given time, in conformity with the character implied by the prior bad act.

In the instant case, evidence that Cummins sold drugs to Adams is not probative of whether Cummins "acted in conformity" when he attempted to induce Hurst to lie. The evidence is probative, however, of Cummins' motive for attempting to induce Hurst to lie. It supports the contention that Cummins suborned perjury to protect himself from being implicated in the offenses for which Adams was charged. Moreover, the Government was required to show intent. Presenting evidence of Cummins' motive offers support for the proposition that Cummins intended to induce Hurst to lie. The evidence, therefore, is not impermissible character evidence but is, instead, evidence offered, under Rule 404(b), for the proper purposes of showing motive and establishing intent.

Similarly, Rule 403 does not serve as a basis for reversal of Cummins' conviction. First, exclusion of Hurst's testimony would have weakened significantly the Government's case against Cummins. Without it, the Government could not have shown why Cummins would risk being charged with obstruction of justice. Evidence of motive, therefore, substantially assisted the trier of fact in its determination of whether the Government presented a credible case. *See Vance*, 871 F.2d at 576. Second, although evidence of a defendant's involvement in drugs is highly prejudicial, in the instant case, the prejudice was not unfair. The record reveals that references to Cummins' drug dealings did not pervade the proceedings. The court did

not, therefore, abuse its "very broad" discretion under Rule 403 by admitting Hurst's testimony. *See United States v. Vincent*, 681 F.2d 462, 465 (6th Cir.1982).

**B**

■ Cummins next asserts that a variance from the indictment occurred. He argues that the jury was so influenced by evidence of his alleged drug dealings that it convicted him for drug activity, not for suborning perjury. Pointing out that the indictment did not charge him with a drug offense, he seeks reversal on the ground that he was so convicted.

■ This court, in *United States v. Hathaway*, 798 F.2d 902 (6th Cir.1986), stated that "[a] variance occurs when '... the evidence at trial proves facts materially different from those alleged in the indictment.'" *Id.* at 910 (quoting *United States v. Castro*, 776 F.2d 1118, 1121 (3d Cir. 1985), *cert. denied*, 475 U.S. 1029, 106 S.Ct. 1233, 89 L.Ed.2d 342 (1986)). A variance does not serve as the basis for reversal unless a defendant can show " 'prejudice to his ability to defend himself at trial, to the general fairness of the trial, or to the indictment's sufficiency to bar subsequent prosecutions.'" *Id.* at 910–11 (quoting *United States v. Miller*, 471 U.S. 130, 138 n. 5, 105 S.Ct. 1811, 1816 n. 5, 85 L.Ed.2d 99 (1985)).

In view of these standards, Cummins' contentions of variance are spurious. The Government did not attempt to prove the elements necessary to support a conviction for a drug offense. The isolated references to Cummins' alleged cocaine transactions served only to lend credibility to the Government's case against Cummins for attempting to suborn perjury. Nothing in the record indicates that Cummins was convicted for any act other than attempting to induce Hurst to testify falsely. We conclude that the evidence presented at trial did not create a variance from the indictment.

**C**

Cummins also contends that he was denied a fair trial because of inflammatory remarks in the prosecutor's opening statement and closing argument. The Government responds that the prosecutor's comments were based on logical inferences contained in the record.

■ *United States v. Young*, 470 U.S. 1, 11, 105 S.Ct. 1038, 1044, 84 L.Ed.2d 1 (1985), holds that a prosecutor's comments must be considered in context to determine whether they serve as a basis for reversal of a conviction. Among the factors to consider are the strength of the prosecutor's case and the potential of the remarks to prejudice the defendant. *United States v. Hickey*, 917 F.2d 901, 905 (6th Cir.1990). Moreover, even if a prosecutor's statements are improper, reversal for prosecutorial misconduct is warranted only if it "permeates the entire atmosphere of the trial." *United States v. Warner*, 955 F.2d 441, 456 (6th Cir.1992).

■ In the instant case, as the jury was aware, the case against Cummins arose in the context of the ongoing prosecution of Adams for drug offenses. References to drugs, therefore, could not be avoided. In addition, the Government presented a strong case against Cummins. It introduced tape recordings of Cummins committing the charged offense and presented evidence tending to show that Cummins had a personal stake in attempting to affect the outcome of Adams' prosecution. As previously stated, in light of the circumstances of this case, the references to Cummins' dealing in drugs were not unfairly prejudicial.

■ Moreover, when, as here, a defendant fails to raise an objection to the prosecutor's comments, a conviction will stand absent a finding of plain error. *United States v. Meyers*, 952 F.2d 914, 917 (6th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 1695, 118 L.Ed.2d 407 (1992). Because neither prosecutorial misconduct nor plain error is evidenced in the instant case, Cummins' claim of error does not serve as a basis for reversal of the conviction.

**D**

■ Finally, Cummins submits that, because the Government failed to present evi-

dence that he was predisposed to suborn perjury, the court should have found, as a matter of law, that he was entrapped. Citing *Sherman v. United States*, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958), the Government counters that, because it was not "patently clear" that Cummins was entrapped, the issue was properly submitted to the jury.

 Generally, an entrapment defense presents a jury question. *United States v. McLernon*, 746 F.2d 1098, 1111 (6th Cir.1984). When, however, the testimony and facts pertaining to that issue are undisputed and the evidence "demonstrate[s] a 'patently clear' absence of predisposition" to commit the charged crime, a court may find that a defendant is, as a matter of law, entrapped. *United States v. Pennell*, 737 F.2d 521, 534 (6th Cir.1984), *cert. denied*, 469 U.S. 1158, 105 S.Ct. 906, 83 L.Ed.2d 921 (1985). In reviewing this issue, we view the evidence and all reasonable inferences drawn from it in the light most favorable to the prosecution. *United States v. Barger*, 931 F.2d 359 (6th Cir. 1991).

The facts of this case fail to support Cummins' claim of entrapment as a matter of law. The Government presented evidence that, before Hurst contacted Agent Ernest, Cummins attempted to encourage Hurst to lie. The Government also adduced testimony tending to show why Cummins would be predisposed to commit the crime. Viewing the evidence in the light most favorable to the prosecution, we find that the evidence does not show without dispute an absence of predisposition. Therefore, Cummins was not entitled to a finding that he was entrapped as a matter of law.

### IV

On its cross-appeal, the Government challenges the district court's failure to sentence Cummins to imprisonment for 63 months as prescribed by the Sentencing Guidelines.

We have approved the use of a dual, or two-track, sentencing procedure during the pendency of the disposition of a controlling case. *See United States v. Draper*, 888 F.2d 1100, 1104–05 (6th Cir.1989) (district court's use of the procedure pending a decision in *United States v. Mistretta*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989)). The district court in the instant case, therefore, did not err by using the procedure. Nevertheless, because the validity of the lesser sentence imposed by the district court depends upon the en banc decision of this court in *Davern*, we remand to the district court for reconsideration of the sentence in light of that en banc decision.

### V

For the foregoing reasons, we AFFIRM Cummins' conviction. We REMAND for reconsideration of the sentence in light of the forthcoming en banc decision in *United States v. Davern*.