RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 07a0496p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*v.*

No. 06-6353

MICHAEL STOUT, a/k/a MICHAEL PLETZ,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 06-00094—John G. Heyburn II, Chief District Judge.

Argued: July 19, 2007

Decided and Filed: December 20, 2007

Before: KENNEDY, GIBBONS, and McKEAGUE, Circuit Judges.

---

### COUNSEL

**ARGUED:** Terry M. Cushing, ASSISTANT UNITED STATES ATTORNEY, Louisville, Kentucky, for Appellant. Joseph E. Blandford, Jr., LANDWARD HOUSE, Louisville, Kentucky, for Appellee. **ON BRIEF:** Terry M. Cushing, Jo E. Lawless, Monica Wheatley, ASSISTANT UNITED STATES ATTORNEYS, Louisville, Kentucky, for Appellant. Joseph E. Blandford, Jr., LANDWARD HOUSE, Louisville, Kentucky, for Appellee.

KENNEDY, J., delivered the opinion of the court, in which GIBBONS, J., joined. McKEAGUE, J. (pp. 8-11), delivered a separate dissenting opinion.

---

### OPINION

---

KENNEDY, Circuit Judge. Defendant Michael Stout is charged with receipt and possession of sexually explicit visual depictions of minors under 18 U.S.C. §§ 2252A(a)(2)(B) & 2252A(b)(1) (receipt) and §§ 2252A(a)(5)(B) & 2252A(b)(2) (possession). Before trial, the government proffered evidence that Stout had pleaded guilty in state court to surreptitiously videotaping a 14-year old female neighbor while she showered. Stout moved *in limine* to suppress this prior bad acts evidence. The district court granted his motion finding that the unfair prejudicial effect of the evidence significantly outweighed its probative value. The government appealed pursuant to 18 U.S.C. § 3731. For the reasons that follow, we **AFFIRM**.

1

## BACKGROUND

### I. Factual Background

Stout's criminal history is, quite frankly, revolting. In May 2001, Stout pleaded guilty to three counts of a state indictment. The first two counts charged him with "installing a hidden camera in the home of family friends," and videotaping their 14-year old daughter in the shower. United States Trial Mem., 2; *see also* Dist. Ct. Mem. Op. & Order (hereinafter "Dist. Ct. Op."), 1-2, Oct. 12, 2006. The third count charged him with first degree sexual abuse of his 6-year old stepdaughter. *Id.* In September 2001, the Boone County Circuit Court sentenced Stout to 10 years imprisonment for each of the first two counts and 5 years imprisonment for the third count. The court, however, granted a defense motion for 5 years of probation contingent on 180 days actual jail time and lifetime registration as a sex offender. The 180-day sentence apparently ran from, at latest, the date of Stout's guilty plea, because in November of 2001 Stout moved to Louisville and his probation supervision was transferred.

During the summer of 2005, Stout's probation officer received a tip that Stout possessed child pornography. On August 8, 2005, several probation officers and a Louisville police officer visited Stout's residence. He consented to a search of his computer, which revealed evidence that it had been used to view pornographic web pages. Stout denied responsibility, claiming that his coworkers and girlfriend might have viewed the pages. His girlfriend confirmed the explanation that the computer was available to others.

The officers seized the computer. Forensic examination revealed 37 sexually explicit photographs that the government alleges are of minors.[1] The government indicated that the images were recovered from the "unallocated space of the computer's memory," from which it concluded that they were viewed during Internet browsing, but were not downloaded and saved by the viewer. The images were of teenage girls in sexually suggestive poses, none of whom were under the age of 12, and all of whom were alone in the photographs. It appears from the record that there were additional similar (but legal) erotic images of women over the age of 18 on Stout's computer in the same unallocated space.

### II. Procedural History

Stout was indicted by a federal grand jury on June 21, 2006. The government filed a pretrial memorandum indicating its intent to introduce evidence of the first two counts of Stout's state court conviction at trial to demonstrate Stout's "knowledge and intent to receive and possess child pornography, as well as lack of mistake or accident."[2] United States Trial Mem., 9 (citing *United States v. Hall*, No. 98-6421, 2000 WL 32010, at *3-4 (6th Cir. Jan. 4, 2000) (unpublished disposition)). Stout filed a motion *in limine* under Federal Rules of Evidence 404(b) and 403 seeking to suppress evidence of the prior convictions as significantly more unfairly prejudicial than legitimately probative.

Other than the prior conviction, the government's evidence is limited. It could include testimony from the probation officer as to the search of Stout's residence, testimony of the computer

---

[1] The district court notes in a footnote that "[f]rom [its] general observation, some of the girls depicted appeared surely under the age of 18, while others could be anywhere from 15 years to 20 years of age." Dist. Ct. Op. at 3.

[2] The government initially intended to introduce all counts to which Stout pleaded guilty, but has conceded that the third count, sexual abuse of a person under the age of consent, is unduly prejudicial and the age of the victim in that case is remote from those in the photographs. The government also indicated that it intended to introduce the video itself, but retreated from that position before the district court.

expert as to his forensic analysis leading to discovery of the images, expert testimony as to the girls' ages, and testimony of Stout's ex-wife with regard to Stout's practice of viewing pornography on the internet.

After jury selection, but before the jury was sworn, the district court granted Stout's motion. United States Br. 2-3, 7-8. The government filed this timely appeal under 18 U.S.C. § 3731.

## ANALYSIS

### I. Jurisdiction

We have jurisdiction of this appeal pursuant to 18 U.S.C. § 3731,[3] which provides, in relevant part:

> An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

### II. Prior Bad Acts

Prior bad acts, including prior convictions, can be admitted under Rule 404(b), which requires (1) use of evidence for a proper purpose (that is, other than as character or propensity evidence), (2) relevance, (3) that the evidence not be substantially more unfairly prejudicial than probative pursuant to Rule 403, and (4) that the court give a limiting instruction, if requested, such that the jury will only consider the evidence for the proper purpose rather than as character or propensity evidence. *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988). Stout concedes on appeal that the United States has a proper purpose – intent and knowledge – and that the evidence is relevant to that purpose. Stout argues, however, that (as the district court held) the evidence was substantially unfairly prejudicial. Indeed, the district court found that "[t]he impression of Stout [ ] surreptitiously filming a 14-year[ ]old girl in the shower [ ] will predominate [the] trial, not the stored still-life computer images that actually occasioned the current charges." Dist. Ct. Op. at 8.

The standard of review of a district court's Rule 403 determination, in the context of Rule 404(b), is abuse of discretion. *United States v. Merriweather*, 78 F.3d 1070, 1074 (6th Cir. 1996) (citing *United States v. Gessa*, 971 F.2d 1257, 1261-62 (6th Cir.1992) (*en banc*)). "In determining the admissibility of bad acts evidence under Rule 404(b), a trial judge is accorded 'broad discretion.'" *United States v. Vance*, 871 F.2d 572, 576 (6th Cir.1989) (quoting *United States v. Ebens*, 800 F.2d 1422, 1433 (6th Cir.1986)).

*a. Probative Value*

To convict Stout, the government must show that he possessed pornographic images that he knew were of children. 18 U.S.C. § 2252A(a)(2), (a)(5); *see United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994) (discussing 18 U.S.C. § 2252(a)(1)(A) & 2252(a)(2)(A)). Because the government has limited evidence of Stout's mental state, it argues that the evidence is exceedingly

---

[3]The United States filed a timely Notice of Appeal and certification that the appeal was not taken for purposes of delay on October 16, 2006. The Solicitor General approved the appeal on January 26, 2007. Therefore, we have jurisdiction to hear this appeal.

probative.  The district court noted that "the prior acts are [ ] 'critical,' but only for the reason that the government's evidence connecting Stout to the actual possession and receipt, though clearly sufficient for conviction, is slight."  Dist. Ct. Op. at 7.

Actual knowledge in a child pornography case is often, undoubtedly, difficult to show when the persons depicted are teenagers.  The prior bad act evidence in this case can demonstrate (although admittedly somewhat weakly) that Stout had knowledge of the subject matter outside of the ordinary ken.  Having produced and (presumably) viewed the pornographic images of one child, he is more likely to identify children as children in other pornographic images.  The probative value is not strong – but that is not the test.  All relevant evidence is admissible, subject to specific restrictions in the Federal Rules.

The district court recognized the proper probative value of Stout's prior convictions.  It noted, "[w]hile the proffered evidence is certainly probative, its value and relevance is narrowly consigned to the intent and knowledge elements of the charges."  Dist. Ct. Op. at 6. It went on to explain that the other elements of the crime, actual possession and receipt of the images, were not implicated by this evidence.

The government argues that the district court did not "look at the evidence in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *United States v. Perry*, 438 F.3d 642, 648 (6th Cir. 2006) (quoting *United States v. Zipkin*, 729 F.2d 384, 389 (6th Cir. 1984)).  Maximizing its probative value, it argues, means considering its value vis-a-vis the other evidence available to the government to prove its case in chief.  The district court found otherwise.  It cautioned against misconstruing the government's argument that the prior bad acts evidence is "critical" to suggest that it has any greater probative value.  The district court concluded that "[w]hile it is likely true that the [prior bad act] evidence is subjectively critical to this case under the 404(b) analysis, those circumstances do not make the evidence objectively more probative."  Dist. Ct. Op. at 7.  We find that the district court's conclusion is correct.

While it is true that the government's need for the evidence should be weighed along with its probative value to determine whether it should be admitted under Rule 403, the need for the evidence does not make the evidence more likely to prove that which it is offered to prove. Probative value and need for the evidence are separate considerations that weigh in favor of admission under the Rule 403 balancing test.  *See* Fed. R. Evid. 403 advisory committee's note (stating  that the rule involves "balancing the probative value of *and* need for the evidence against the harm likely to result from its admission") (emphasis added).

The district court acknowledged the government's need for the prior bad act evidence since evidence of Stout's intent and knowledge to receive or possess child pornography was slight.  At the hearing for the motion *in limine*, however, the district court considered the availability of other means of proof, such as the testimony of Stout's ex-wife that on prior occasions she had discovered evidence in the Internet history files on the computer that Stout had been searching for child pornography, to prove his intent in a less prejudicial manner.  J.A. at 57-58, 69.  We find that the district court gave due weight to the probative value of and need for the evidence in its Rule 403 balancing test.

*b. Danger of Unfair Prejudice*

We also agree with the district court's analysis as to the danger of unfair prejudice and conclude that it was within its discretion to find that, despite the probative value of the prior bad acts evidence in this case, suppression is appropriate.  Therefore, because "[t]he reverberating clang of those accusatory words would drown out all weaker sounds [and] the risk of confusion is so great as to upset the balance of advantage, the evidence goes out." *Shepard v. United States*, 290 U.S. 96, 104 (1933) (Justice Cardozo writing on common law evidentiary doctrine prior to the adoption of

the Federal Rules of Evidence).  As the experienced district court judge here noted after two hearings on the issue and after viewing the evidence:

> The prior bad acts evidence is potentially prejudicial because it is both inflammatory and distracting.  It is more lurid and frankly more interesting than the evidence surrounding the actual charges.  Any jury will be more alarmed and disgusted by the prior acts than the actual charged conduct.  As a consequence, the jury is likely to pay undue attention to it.  . . . [T]here is a strong possibility that the jury will be improperly distracted from the primary evidence at hand.
>
> The potential for distraction and unfair prejudice is greater than normal because the actual evidence of possession is so limited.  The impression of Stout – surreptitiously filming a 14-year-old girl in her shower – will predominate this trial, not the stored still-life computer images that actually occasioned the current charges. . . . There is a high probability that the jury would improperly consider the prior bad acts evidence as propensity evidence, and an equally high probability of conviction because of the improper use of that evidence.

Dist. Ct. Op. at 8.  The district court properly concluded that the unfair prejudice of the evidence of surreptitious filming – both because it demonstrated bad character and propensity – was significant.

There is a further reason why we consider evidence of these acts unfairly prejudicial, a reason that is illustrated by the Congressional addition of Rules 413, 414, and 415 to the Federal Rules of Evidence.  Congress added these rules over the near-unanimous (save the representative of the Department of Justice) objection by the judges, academics, and practitioners who compose the Advisory Committee on Evidence Rules.  *See* Fed. R. Evid. 413, 414, & 415 advisory committee's note.  These new rules provided that similar prior bad act evidence is admissible and may be considered for its bearing on any matter to which it is relevant where the defendant is accused of sexual assault, *see* Fed. R. Evid. 413, or child molestation, *see* Fed. R. Evid. 414.[4] Significantly, these new rules created exceptions to the general restriction of Rule 404(b), permitting the admission of similar prior bad act evidence in sexual assault and child molestation cases to show the propensity of the defendant to commit the crime charged.  In doing so Congress recognized that, in certain cases, sexual misconduct is different from other crimes.  This difference is either that propensity evidence has special value in certain violent sexual misconduct cases or that the difficulty of and need for convictions for these crimes warrants a decrease in the usual protections against propensity and character evidence.  Regardless of which purpose drove Congress to adopt those rules, it recognized that their adoption would inevitably lead to additional convictions.  Importantly, it limited the scope of these new rules to two particularly serious and violent crimes.

In a pair of cases, the Eighth Circuit demonstrated the difference between admission under Rule 404(b) and under Rule 414.  *Cf. United States v. LeCompte*, 99 F.3d 274 (8th Cir. 1996) (*LeCompte I*) *with United States v. LeCompte*, 131 F.3d 767 (8th Cir. 1997) (*LeCompte II*).  Leo LeCompte was accused of abusive sexual contact with his 11-year old niece.  The government proffered evidence that LeCompte had engaged in similar conduct with a different young female relative.  The government attempted to admit the evidence under Rule 414, but did not meet the timeliness requirement in Rule 415(b).  The district court, however, admitted the evidence under Rule 404(b) and LeCompte was convicted.

---

[4] Rules 413 and 414 state, "In a criminal case in which the defendant is accused of an offense of [sexual assault or child molestation], evidence of the defendant's commission of another offense or offenses of [sexual assault or child molestation] is admissible, and may be considered for its bearing on any matter to which it is relevant."  Fed. R. Evid. 413(a) & 414(a).

The Eighth Circuit reversed and ordered a new trial. It found that there was no relevant purpose for which the evidence could be admitted under Rule 404. At the new trial, the government again proffered the evidence, this time more than 15 days before trial. LeCompte moved *in limine* to exclude the evidence based on the prior Eighth Circuit holding. The district court granted LeCompte's motion and the government appealed pursuant to 18 U.S.C. § 3731. The Eight Circuit again reversed, finding that, "the danger of unfair prejudice . . . presented by the 'unique stigma' of child sexual abuse . . . is one that all propensity evidence in such trials presents. It is for this reason that the evidence was previously excluded, and it is precisely such holdings that Congress intended to overrule." *LeCompte II*, 131 F.3d at 770.

These cases reflect Congress' intention to allow this sort of evidence into criminal trials only in certain circumstances. These rules are tightly tailored in their treatment of these often incendiary acts: in cases where Congress did not specifically provide for its admission, the "unique stigma" of this evidence might sometimes tip the scale, and the evidence will be suppressed. The public regards sexually-based offenses as particularly heinous. Sex offenders are required to register in the communities in which they live because of the perceived danger that they will act in conformity with their prior bad acts. In this respect, admission of prior convictions for sex crimes under Rule 404(b) in sexually-based offense cases presents a greater risk of the always present danger that the jury will convict the defendant on an improper basis – the propensity inference. A district court is free to consider that potential for unfair prejudice in its balancing.

We disagree with the dissent that a limiting instruction informing the jury that Stout's prior conviction should only be considered as evidence of his knowledge and intent to receive and possess child pornography – and not for propensity purposes – would mitigate any danger of unfair prejudice. The district court considered Stout's prior conviction to be overwhelmingly and unfairly prejudicial because of its inflammatory nature and the high probability that the jury would use it to improperly convict Stout of the current charges based on a propensity inference. A limiting instruction would be insufficient to guard against unfair prejudice in this case. The district court indicated as much by stating that while in many cases courts can find "a rationale or method of allowing use of [the prior bad acts,] . . . [h]ere the circumstances are such that to do so creates the great probability of an unfair prejudice." Thus, the district court properly exercised its discretion to exclude the evidence.

*c. Response to Government's Citation to Authority*

Notably, each of the cases cited by the government confirms the deference we give to the district court under an abuse of discretion standard, because each cited opinion affirms the district court's ruling. *See, e.g.*, *United States v. Cummins,* 969 F.2d 223 (6th Cir. 1992); *United States v. Thomas*, 893 F.3d 1066, 1070-71 (9th Cir. 1990); *United States v. Campbell*, No. 00-5200, 2001 WL 1070543 (6th Cir. Sept. 4, 2001) (unpublished disposition). *But see United States v. Sebolt*, 460 F.3d 910, 915-18 (7th Cir. 2006) (affirming trial court's admission of prior bad acts evidence, but finding a pair of children's underwear was unduly prejudicial and was wrongfully admitted). In cases where an appellate court does reverse a district court's suppression order, it is generally due to error in the first step of the Rule 404(b) analysis (admission for a proper purpose), which we review *de novo*. *See, e.g.*, *United States v. Tan*, 254 F.3d 1204, 1211-12 (10th Cir. 2001); *United States v. Frost*, 234 F.3d 1023, 1025 (8th Cir. 2000). Moreover, in the majority of the cases cited by the government in support for its arguments, the prejudicial effect of the prior bad act evidence was not nearly as inflammatory as that here.

## III. *Res Gestae*

Finally, the government contends that the district court erred by concluding that the prior bad act evidence was not *res gestae* and thus was inadmissible under Rule 404(b). This argument

misconstrues the district court's opinion. The district court distinguished several cases that the government relied upon by finding that those cases "permitted the admission of [the] evidence [because] it was evidence of similar, uncharged conduct discovered as part of the investigation into the charged conduct" and thus it was evidence that it titled *res gestae*. Dist. Ct. Op. at 9. Perhaps another way of putting the district court's conclusion is that the evidence admitted in those cases was more probative (it also happened to be less prejudicial) and more probative evidence could tip the scale in the Rule 403 balancing test. The government argues that prior bad act evidence need not rise to *res gestae* to be admissible. This argument is certainly true, but it does not contradict what the district court found. Rather, the district court found that the evidence was significantly more prejudicial than it was probative – had the prior bad act evidence been *res gestae*, or at least more probative than it was rather than four-year old convictions, it might have survived the district court's Rule 403 analysis.

## CONCLUSION

The crux of the issue on appeal is this: the prior bad acts in this case were significantly worse than the acts charged and the probative value of the evidence was relatively slight. In the words of the district court, the prior bad act evidence was, "frankly, creepier" than the charged conduct. Dist. Ct. Op. at 11. Therefore, we find that the district court was within its "broad discretion" to exclude the evidence.

It is important to note, again, the procedural posture at the time this appeal was taken. The trial in this case has still not occurred. As we understand the district court's order, the government is prohibited from presenting documentary evidence or eliciting testimony concerning Stout's prior conviction during its case in chief only. Trials are uncertain creatures, however, and it is possible that circumstances might change. Therefore, we understand the court's order to relate only to the case in chief.

**AFFIRMED.**

---

**DISSENT**

---

McKEAGUE, Circuit Judge, dissenting. Because I believe that the district court's exclusion of Stout's prior conviction for surreptitiously videotaping a showering 14-year-old girl was based on an erroneous application of the law and a faulty balancing of the considerations found in Rule 403, I respectfully dissent.

While the majority is correct that a district court's Rule 403 determinations are reviewed for an abuse of discretion, it is incorrect that such an abuse did not occur in this case. An abuse of discretion occurs when a district court commits "errors of law." *United States v. Ganier*, 468 F.3d 920, 925 (6th Cir. 2006) (internal quotation omitted). In this case, the district court's Rule 403 balancing contained such errors that have unfortunately been overlooked and replicated by my colleagues in the majority.

## A.  Errors in the Probative Value Determination

The district court first erred in its determination of the probative value of the defendant's prior conviction.[1] According to the district court:

> the prior acts are indeed "critical," but only for the reason that the government's evidence connecting Stout to the actual possession and receipt, though clearly sufficient for conviction, is slight. . . . While it is likely true that the 404(b) evidence is subjectively critical to this case under the 404(b) analysis, those circumstances do not make the evidence objectively any more probative.

Dist. Ct. Op. at 7. Later in its opinion, the district court indicated that the "potential for . . . unfair prejudice is greater than normal because the actual evidence of possession is so limited." *Id.* at 8. From these quotations, it is apparent that in determining the probative value of Stout's prior conviction, the district court believed that the government's need for the evidence decreased its probative value, while increasing the danger of unfair prejudice. However, the district court's determination—and the majority's affirmance of that determination—are both contrary to law.

It is well-established that "an important indication of probative value of evidence is the prosecution's need for the evidence in proving its case." *United States v. Vance*, 871 F.2d 572, 576 (6th Cir. 1989); *see also United States v. Ray*, 189 F. App'x 436, 445 (6th Cir.), *cert. denied*, 127 S.Ct. 692 (2006). As the Eleventh Circuit has explained, "while prosecutorial need alone does not mean probative value outweighs prejudice, the more essential the evidence, the greater its probative value, and the less likely that a trial court should order the evidence excluded." *United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983) (citation and footnote omitted). The *King* court found an abuse of discretion in the district court's Rule 403 analysis and reversed because "[t]he government has no case without the [disputed] testimony. In this instance the probative value is as high as it possibly could be . . . ." *Id.* at 632-33; *see also United States v. Jackson*, 886 F.2d 838, 847 (7th Cir. 1989) (reversing the exclusion of evidence that defendant refused to provide a handwriting exemplar and finding the evidence highly probative because "there appears to be no alternative means of proof with regard to an essential element of the government's case."); *United States v. Hicks*, 798 F.2d

---

[1] I pause to note that this case illustrates the difficulty presented when a district court is asked to arrive at a Rule 403 determination pre-trial, without the benefit of having heard at least some of the government's case, but I also understand the parties' interest in having the issue resolved prior to the commencement of trial. This inherent difficulty notwithstanding, the errors committed by the district court in this case should not be overlooked.

446, 451 (11th Cir. 1986) (stating that "[t]he greater the government's need for evidence of intent, the more likely that the probative value will outweigh any possible prejudice.").

Of particular relevance to the instant case is the Tenth Circuit's decision in *United States v. Rodriguez*, 192 F.3d 946, 950 (10th Cir. 1999). In *Rodriguez*, the defendant was charged with possession of marijuana, and the district court excluded expert testimony regarding the valuation of the seized narcotics under Rule 403. *Id.* at 950-51. Concluding that the district court abused its discretion by devaluing the evidence's probative value, *Rodriguez* explained that the defendant's "knowledge of the existence of the drugs in the truck apparently will be the critical issue in dispute in the trial. It appears that there is no direct evidence of his knowledge, and thus the importance of any indirect evidence of knowledge becomes magnified." *Id.* at 950; *see also Ray*, 189 F. App'x at 445 (holding that the district court did not err in admitting evidence of a defendant's prior conduct because as the only evidence available to prove his *modus operandi* it was highly probative).

Applying this precedent to the instant case, the district court erred by stating that the government's need did "not make the evidence objectively any more probative." Dist. Ct. Op. at 7. The district court exacerbated its error by actually placing the prosecutor's need for the evidence on the *unfair prejudice* side of the decisional scale. Likewise, the majority's statement that "the need for the evidence does not make the evidence more likely to prove that which it is offered to prove," Maj. Op. at 4, is erroneous and irreconcilable with our prior decisions. *See, e.g.*, *Vance*, 871 F.2d at 576 (stating that "[a]n important indication of probative value of evidence is the prosecution's need for the evidence in proving its case."); *see also United States v. Smith*, 194 F.3d 1315, 1999 WL 970300, at *5 (6th Cir. 1999) (unpublished table decision) (same).

Additionally, I believe that the district court's conclusion that the probative value of Stout's prior conviction is "limited" because it only illustrates his "prior interest in minor girls and suggest[s] his intent to knowingly receive child pornography" is incorrect. Dist. Ct. Op. at 12. I cannot understand how the fact that a piece of evidence is directly related to elements of the charged offense renders its probative value "limited," especially when it is the primary evidence capable of speaking to those elements. A piece of evidence need not prove *every* element of an offense to be highly probative. Where a defendant's prior convictions are offered to prove "an element of the crime . . . they have significant probative value." *United States v. Tan*, 254 F.3d 1204, 1212 (10th Cir. 2001) (finding the exclusion of defendant's prior DUI convictions to be an abuse of discretion because it was offered to prove the malice element of second degree murder); *see also United States v. Long*, 328 F.3d 655, 663 (D.C. Cir. 2003) (affirming the district court's decision to admit evidence of defendant's prior uncharged possession of child pornography in the defendant's trial for child pornography and related sex offenses because such evidence was probative of the disputed elements of possession and intent).

As with the drug possession charges in *Rodriguez*, the critical issue at trial in this case will be Stout's knowledge and intent to possess and receive child pornography. Given the inherent difficulty in proving the inner-workings of an individual's mind, it is unsurprising that Stout's prior conviction for videotaping a showering young girl is critical to proving that he has a "sexual interest in children, thereby demonstrating his intent to knowingly receive child pornography." *United States v. Hall*, 202 F.3d 270, 2000 WL 32010, at *3 (6th Cir. 2000) (unpublished table decision); *see also United States v. Sebolt*, 460 F.3d 910, 917 (7th Cir. 2006) (explaining that "[p]rior instances of sexual misconduct with a child victim may establish a defendant's sexual interest in children and thereby serve as evidence of the defendant's motive to commit a charged offense involving the sexual exploitation of children."). Following the adage that "nobody knows a product better than its manufacturer," it is difficult to comprehend what evidence could be more probative of a defendant's knowledge that an image is child pornography—and his intent to possess such an image—than the fact that the defendant himself is a convicted manufacturer of child pornography. Although the majority may not believe that Stout's prior conviction for videotaping a showering girl

strongly demonstrates that he "had knowledge of the subject matter [of child pornography] outside of the ordinary ken," Maj. Op. at 4, such a conclusion seems inescapable to me.

In accord with the authorities previously cited, the importance of Stout's prior conviction to proving the government's case does not minimize its probativeness as the district court stated; rather, it "magnifie[s]" it. *Rodriguez*, 192 F.3d at 950-51. Combining this highly probative evidence with Rule 403's policy favoring admissibility and our requirement that in reviewing Rule 403 decisions "we look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect," *United States v. Perry*, 438 F.3d 642, 648 (6th Cir. 2006) (internal quotation marks omitted), to be substantially outweighed in this case, the danger of unfair prejudice would have to be exceedingly great. It is not.

## B. Errors in the Unfair Prejudice Determination

The errors of the district court and the majority are not limited to the probative value side of the Rule 403 balance; they also pervade the determination of unfair prejudice. While I concede that Stout's prior conviction is prejudicial, it is not unfairly so.

### 1. Prior Bad Acts Need Not be Less Disturbing than the Charged Offense

Aside from mistakenly placing the government's need for the evidence on the unfair prejudice side of the scale, the court erred by stating that Stout's prior act was unfairly prejudicial because it involved a more disturbing crime than those charged in the instant case. According to the district court, this case is unlike other decisions where prior bad acts were admitted because there the "prior bad acts evidence was evidence of a similar or lesser crime (or even a less disturbing non-criminal behavior) than the crime charged," whereas here "the prior bad acts evidence is *more* disturbing and, frankly, creepier than the actual crime charged." Dist. Ct. Op. at 11.

I find the Seventh Circuit's decision in *Sebolt* to be particularly instructive on this point. The defendant in *Sebolt* was charged with possession of child pornography and the district court admitted the following prior bad acts to prove knowledge and intent: (1) his prior molestation of a young relative; (2) his trip to Wisconsin to have sex with another minor; (3) his failed attempts to molest other children; and (4) his possession of young boy's underwear. *Sebolt*, 460 F.3d at 914. On appeal, the *Sebolt* court found no abuse of discretion in the admission of defendant's prior actual molestations and attempted molestations because such a history "provided strong evidence of his motive to advertise child pornography online."[2] *Id.* at 917. The court further explained that while the "motive to molest children does not completely overlap with the propensity to possess, transport, or advertise child pornography . . . the conceptual gap between molestation and child pornography is not so wide as to induce the jury to decide the case on an improper basis . . . ." *Id.* (citations and internal quotations omitted); *see also United States v. Burt*, 495 F.3d 733, 734, 741 (7th Cir.), *cert. denied*, ___S.Ct.___, 2007 WL 3235066 (2007) (finding no abuse of discretion under Rule 403 where the district court admitted testimony that defendant had repeatedly molested a child as evidence of his intent in a child pornography prosecution).

I can conceive of no principled reason why evidence of actual child molestation and attempted child molestation is less prejudicial and admissible in a child pornography prosecution, while surreptitiously videotaping—but never touching or attempting to touch a child—is unfairly prejudicial and inadmissible. Given that the evidence of prior molestations admitted in *Sebolt* was more disturbing than the charge of child pornography it was offered to prove, I believe that it undercuts the position taken by the district court and the majority. I agree with the *Sebolt* court and

---

[2]While it found the introduction of the prior actual and attempted molestations not to be an abuse of discretion, the *Sebolt* court did rule that the young boy's underwear should have been excluded under Rule 403.

would hold that a prior bad act is not unfairly prejudicial simply because it is more lurid or "creepier" than that charged in the instant case. *See generally United States v. Cummins*, 969 F.2d 223, 226 (6th Cir. 1992) (finding no abuse of discretion under Rule 403 where the district court admitted evidence of defendant's prior drug dealing in his trial for suborning perjury even though drug dealing is a more severe crime than inducing one to lie).

## 2. Failure to Consider Alternative Means of Reducing Prejudicial Effect

Next, the district court erred by failing to consider the use of a limiting instruction to reduce any unfair prejudice resulting from the defendant's prior conviction. Throughout the district court's opinion, it addressed the admissibility of Stout's prior conviction as a zero-sum game; admit the evidence *in toto* or exclude it *in toto*. Such an attitude is reflected in the district court's statements that the prior bad act will "predominate this trial," Dist. Ct. Op. at 8, and improperly become "a focus point of the case." Dist. Ct. Op. at 11. At no point before excluding the evidence did the district court consider its ability to reduce any unfair prejudice by the use of a limiting instruction under Rule 105. As the Advisory Committee Note to Rule 403 indicates, before excluding evidence on the grounds of unfair prejudice "consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction." Fed. R. Evid. 403, advisory committee's note; *see also* Fed. R. Evid. 105, advisory committee's note (explaining that the potential efficacy of a limiting instruction "must be taken into consideration in reaching a decision whether to exclude for unfair prejudice under Rule 403.").

In this case, a properly crafted limiting instruction informing the jury that Stout's prior conviction should only be considered as evidence of his knowledge and intent to possess and receive child pornography—and not for propensity purposes—would militate against any danger of unfair prejudice.[3] At the very least, the district court should have indicated why a limiting instruction would have been insufficient to protect against the danger of unfair prejudice. *See generally S.E.C. v. Peters*, 978 F.2d 1162, 1172 (10th Cir. 1992) (finding an abuse of discretion where the district court excluded prior bad acts evidence under Rule 403 without first considering the ability of a limiting instruction to reduce the danger of unfair prejudice).

## C. Conclusion

As the foregoing analysis illustrates, errors of law pervaded the district court's loading of the decisional scales for the Rule 403 balancing and those errors have been reproduced in today's majority opinion. In this case, the "district judge chose a balancing approach in the pretrial exclusion of evidence which did not reflect the standard established by Rule 403 . . . [and] [t]his improper balancing constituted an abuse of discretion and the grant of the motion *in limine* excluding the admission of [Stout's prior act of videotaping a showering young girl] must be reversed." *Jackson*, 886 F.2d at 848. Therefore, I would remand the case with instructions that evidence of Stout's prior conviction (but not the underlying videotapes themselves) be admitted with a corresponding limiting instruction to the jury—or at a minimum that the district court withhold its decision on the admissibility of the prior conviction until the government has had the opportunity to present the bulk of its other evidence. The majority reaches an opposite conclusion, and I respectfully dissent.

---

[3] Although the government initially sought to introduce evidence of Stout's conviction via: (1) the videotape of the showering girl; (2) the testimony of the investigating officer; and (3) the court records surrounding the conviction, the district court failed to consider how limiting the method of proof could limit the danger of unfair prejudice. I cannot imagine that the simple admission of court records indicating the conviction would become the "focus point" of the trial as the district court seemed to fear.