[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 11, 2010
JOHN LEY
CLERK

No. 08-16887
Non-Argument Calendar

_____

D. C. Docket No. 06-00234-CR-T-17-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD CARINO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 11, 2010)

Before EDMONDSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Richard Carino appeals his convictions for possessing and receiving visual depictions of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (a)(4)(B). He raises one issue on appeal. Carino, who was 48 years old at the time of trial, contends that the district court failed to conduct a Rule 403 balancing before admitting his sister's testimony that he sexually molested her when he was 16 and she was 11.

We review the district court's evidentiary rulings for an abuse of discretion. *United States v. Breitweiser*, 357 F.3d 1249, 1254 (11th Cir. 2004). Generally, "propensity" evidence is inadmissible. *See* Fed.R.Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."). An exception exists, however, for "child molestation" cases. Fed.R.Evid. 414(a) provides:

> In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

Rule 414(d)(2) provides that an "offense of child molestation" includes possession of visual depictions of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and receiving visual depictions of child pornography, in violation of 18 U.S.C. § 2252(a)(2), both of which are offenses within Chapter 110 of Title

2

18. It follows that in prosecutions for possession or receiving child pornography evidence that a defendant has engaged in child molestation in the past is admissible as evidence that he is more likely to have committed the offense charged. *See* Fed.R.Evid. 414(a).

Evidence admissible under Rule 414 must also meet the requirements of other provisions of the Federal Rules of Evidence, including Rule 403. While we have not addressed the issue of whether Rule 403 applies to Rule 414, other circuits have held that Rule 403 applies to Rule 414. *See United States v. Kelly*, 510 F.3d 433 (4th Cir. 2007); *United States v. Stout*, 509 F.3d 796 (6th Cir. 2007); *United States v. Hawpetoss*, 478 F.3d 820 (7th Cir. 2007); *United States v. LeCompte*, 131 F.3d 767 (8th Cir. 1997); *United States v. LeMay*, 260 F.3d 1018 (9th Cir. 2001); *United States v. Castillo*, 140 F.3d 874 (10th Cir. 1998). Those circuits vary some in their views about the factors to be considered under Rule 403 before admitting evidence pursuant to Rule 414. *See generally Kelly*, 510 F.3d at 437 n.3 (discussing differing views of various circuits). But we do not have to choose between those views in this case, because Carino challenges only whether the district court considered Rule 403 at all.

Contrary to Carino's position, the district court did consider Rule 403 and did undertake the balancing required by that rule before admitting Carino's sister's

3

testimony under Rule 414. Both the government and Carino, on multiple occasions, argued about how the court should balance the testimony's probative value with its prejudicial impact. In its trial brief, the government argued that the court must "balance [the] probative value against the risk of unfair prejudice and any other pertinent Rule 403 factor." In making that argument, the government acknowledged the prejudicial nature of the evidence but contended that it was not unfairly prejudicial. Before his sister testified, Carino, citing *Kelly*, argued that for a similar act to be admitted, the act must still pass a "a 403 balancing test." He cited to the court the factors that the Fourth Circuit had considered in *Kelly* and he contended that under this "Rule 403 balancing as to similarity and time alone that the allegations of [his sister] are not admissible. . . ." Further, while discussing proposed jury instructions, Carino admitted "that the Court had considered the factors of 403 in admitting [the testimony] just as it would consider the factors in admitting something under 404(b)."

It is clear to us from the record that in deciding to admit the testimony of Carino's sister, the district court undertook the Rule 403 inquiry and considered each parties' arguments as to the testimony's probative value and prejudicial impact.

**AFFIRMED.**