**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0425n.06

No. 08-6113

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

REGINALD HOUGH,

    Defendant-Appellee.

**FILED**
**Jul 13, 2010**
LEONARD GREEN, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF KENTUCKY

_____/

Before:      BOGGS and MOORE, Circuit Judges; and COLLIER, Chief District Judge.[*]

**CURTIS L. COLLIER, Chief District Judge.** The United States filed this interlocutory appeal of the district court's order excluding evidence of prior child molestations. Because the district court did not abuse its discretion, the ruling is affirmed.

In 2005, the then-wife of Defendant-Appellee Reginald Hough ("Hough") contacted the Louisville, Kentucky, Police Department's "Crimes Against Children Unit" to report finding child pornography on her husband's computer. Hough was arrested on state charges of possession of child pornography and failing to register as a sex offender. Hough was later charged in federal court with attempting to receive child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1), and knowingly possessing child pornography in violation of § 2252A(a)(5)(B), (b)(2).

_____

[*] The Honorable Curtis L. Collier, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

Hough had a prior 1992 criminal conviction in New York state court for two counts of first-degree sodomy and two counts of first-degree sexual abuse of a 10-year-old girl, T.M.L. Hough also had a civil default judgment against him for the sexual abuse of his niece, E.A.H., who was under the age of fourteen at the time of the abuse, from 1977 through 1985. While Hough was out on bond from the Kentucky state charges, a ten-year-old female neighbor, A.N.S., told her mother Hough had fondled her on at least three occasions in late 2005 and early 2006. In the spring of 2006, Hough's step-granddaughter, K.E., reported that Hough had fondled her genitals. Prior to trial, the Government filed notice of its intent to use these incidents as "other acts" evidence against Hough under Federal Rules of Evidence 404 and 414.

The district court held a hearing and determined, pursuant to Evidence Rule 403, that the Government could not introduce evidence of the two reports of child molestation for any purpose and could not introduce evidence of a criminal conviction for child molestation and the civil judgment for child molestation in its case in chief, but could renew a motion to admit this evidence in rebuttal if Hough's defense made the evidence relevant. The Government appealed pursuant to 18 U.S.C. § 3731.

## I.    Standard of Review

Evidentiary rulings are reviewed under the abuse-of-discretion standard. *United States v. Guthrie*, 557 F.3d 243, 249 (6th Cir. 2009). In reviewing a district court's Rule 403 determination, the circuit court must give "the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *United States v. Schrock*, 855 F.2d 327, 333 (6th Cir. 1988); *see also*

*United States v. Logan*, 250 F.3d 350, 368 (6th Cir. 2001) (citing *United States v. Sanders*, 95 F.3d

449 (6th Cir. 1996)).

**II.     Analysis**

The evidence is admissible under Rule 414.  Therefore, the only issue on appeal is whether

the district court erred in excluding the evidence under Rule 403.  "Rule 403, which balances the

probative value of relevant evidence against the 'danger of unfair prejudice, confusion of the issues,

or misleading the jury,' applies to evidence that would otherwise be admissible" under Rule 414.

*United States v. Seymour*, 468 F.3d 378, 385 (6th Cir. 2006); Fed. R. Evid. 414(c) ("This rule shall

not be construed to limit the admission or consideration of evidence under any other rule.").

The district court evaluated the probative value of the other acts by looking at the purpose

for which the other acts evidence was admitted and the similarity between the other acts and the

instant offense.  The court acknowledged that the Government had to prove knowing possession of

child pornography and stated a person who previously demonstrated a sexual interest in children was

more likely to knowingly receive the images than if he had not so demonstrated.  The court then

looked at the similarities between the charged conduct and the other acts.  All acts involved

prepubescent girls and sexual abuse.  In addition, sodomy was involved in at least the 1992

conviction and images of sodomy were found on the computer.  The victims of the other acts were

a niece, a neighbor, a step-granddaughter, and a girl who called Hough "uncle," and Hough's

computer allegedly showed searches for incest and child pornography.  The images showed children

performing oral sex on an adult man, which was part of Hough's criminal conviction and civil judgment.

As we held in *Hall*, prior molestations create the logical inference the defendant "has a sexual interest in children that is strong enough to cause him to break the law." *United States v. Hall*, 202 F.3d 270 (6th Cir. 2000) (table) (evaluating probative value under Rule 404(b)). Giving the evidence its maximum probative value, the other acts show a sexual interest in prepubescent girls, with a particular interest in incest, sodomy, and oral sex. This interest is minimally probative as to Hough's propensity to receive child pornography, although the inference is weaker than it would be in a case where the other acts included receiving pornography. *United States v. Stout*, 509 F.3d 796, 800 (6th Cir. 2007) (finding, under Rule 404(b), evidence that the defendant surreptitiously filmed 14-year-old girl in the shower was probative of his intent to receive child pornography, where the government had only slight evidence otherwise demonstrating intent, but ultimately affirming the exclusion of the evidence because the danger the jury would use it as propensity evidence created an unfair prejudice); *Hall*, 202 F.3d at 270 (allowing the introduction of nude photographs under Rule 404(b) to demonstrate intent to knowingly receive child pornography). To some degree, evidence of Hough's molestations of the four girls makes it more likely he would download child pornography. In addition, it is a logical inference that Hough's preferences for incest, sodomy, oral sex, and prepubescent girls would translate from his actions in the molestations to the images and searches for child pornography, indicating it was Hough who downloaded the images.

There are distinct dissimilarities, however, including the fact that the other acts involved physical contact, with no allegations of any documentation such as pictures or videos, whereas the

charged offense is possession and attempted receipt of child pornography. A propensity to sexually abuse a child does not directly translate to a propensity to download child pornography. In addition, while the Government asserts that Hough's computer shows searches for incest and child pornography, only one of Hough's victims was related to him by blood. Two were close enough to consider him a relative (T.M.L. called Hough "uncle" and K.E. was a step-granddaughter) and one was a neighbor. Even giving the evidence its maximum probative value, the other acts are weak evidence of Hough's identity and propensity to download child pornography.

The district court properly concluded the Government did not have a strong need for this evidence. *See Stout*, 509 F.3d at 800 ("Probative value and need for the evidence are separate considerations that weigh in favor of admission under the Rule 403 balancing test."). At the hearing, the Government stated that Hough had made admissions showing his knowledge and intent. Given the direct evidence of knowledge and intent, and the admissions by Hough, which would also be relevant as to identity, the Government's need for the evidence is not great.

The district court found that the other acts evidence would unfairly prejudice Hough. The latest allegations of child molestations were unproven and would be shown through the testimony of the victims. The district court determined this would not only reduce the probative value of the evidence, but would also confuse the jury and could "turn the focus of the trial from the current charges to [Hough's] prior acts, especially with respect to the allegations of abuse that occurred in recent years and the testimony by those victims who are still children." The court also found a limiting instruction to the jury would be insufficient to limit the danger of unfair prejudice from the "inflammatory" prior acts evidence.

No. 08-6113
*United States v. Hough*

As in *Stout*, the evidence of prior acts is "more lurid and frankly more interesting than the evidence surrounding the actual charges" and there is a danger the jury would pay undue attention to proof of the prior acts. 509 F.3d at 801 (quoting the district court's opinion) (internal quotation marks omitted). As the district court noted at the hearing, "proving that [the allegations as to A.N.S. and K.E.] actually occurred would make this case derail into a mini-trial into each of those, would inflame the jury, [and] confuse the jury."

The testimony regarding the alleged molestations of E.A.H., A.N.S., and K.E. would distract the jury from the evidence on the actual charges and could create unfair prejudice by inflaming the jury and possibly leading to a decision to convict Hough for his prior acts and not because the evidence, propensity or otherwise, demonstrated he knowingly possessed and attempted to receive child pornography. Even if the testimony from the three victims did not lead to rebuttal witnesses, the evidence would take a substantial amount of time in what would otherwise be a two- to- three-day trial, further leading the jury to place undue emphasis on the other acts. A limiting instruction would minimize the risk of unfair prejudice, but would not eliminate the danger of unfair prejudice from the inflammatory testimony about child molestations.

The district court did not abuse its discretion in determining the proposed other acts evidence was minimally probative, the Government had less-prejudicial evidence, the other acts evidence was unfairly prejudicial, and a limiting instruction would not cure the unfair prejudice to Hough.

## III.     Conclusion

For these reasons, the decision of the district court is affirmed.