**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Darrell D. Wilson, Jr., Appellant.

Appellate Case No. 2022-000783

───────────────

Appeal From York County
J. Derham Cole, Circuit Court Judge

───────────────

Unpublished Opinion No. 2024-UP-376
Submitted October 1, 2024 – Filed November 6, 2024

───────────────

**AFFIRMED**

───────────────

Appellate Defender Jessica M. Saxon, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Andrew Douglas Powell, both of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Respondent.

───────────────

**PER CURIAM:** Darrell D. Wilson, Jr., appeals his conviction for inflicting great bodily injury upon a child and his sentence of eighteen years' imprisonment. On appeal, Wilson argues the trial court abused its discretion by excluding Marjorie

Rogers's proffered testimony because (1) the trial court failed to conduct an on-the-record balancing test pursuant to Rule 403 of the South Carolina Rules of Evidence, (2) the testimony was relevant and the probative value was not substantially outweighed by the danger of unfair prejudice to the State, and (3) the testimony was a proper lay witness opinion. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion by excluding Rogers's proffered testimony. *See State v. Douglas*, 369 S.C. 424, 429-30, 632 S.E.2d 845, 847-48 (2006) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice. An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."). Initially, we find the trial court conducted a Rule 403 balancing test on the record. *See State v. King*, 349 S.C. 142, 156-57, 561 S.E.2d 640, 647 (Ct. App. 2002) (finding the trial court's brief discussion of the fairness of trial testimony without ever mentioning the Rule 403 balancing test was sufficient as "some indicia of [the court's] consideration of whether admission of the testimony was fair" and stating that a conviction should not be reversed "if the trial judge's comments concerning the matter indicate he was cognizant of the evidentiary rule when admitting the evidence"). Additionally, although the evidence was relevant, we hold the probative value of the testimony was substantially outweighed by the danger of unfair prejudice. While the testimony was probative of whether Wilson intentionally harmed Minor, we hold Rogers's testimony was unfairly prejudicial due to its likelihood to invite a decision on an improper basis because Rogers was not present at the scene and her testimony was based on her own feelings. *See* Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Gray*, 408 S.C. 601, 610, 759 S.E.2d 160, 165 (Ct. App. 2014) ("The more essential the evidence, the greater its probative value." (quoting *United States v. Stout*, 509 F.3d 796, 804 (6th Cir. 2007))); *id.* ("The evaluation of probative value cannot be made in the abstract, but should be made in the practical context of the issues at stake in the trial of each case."); *State v. Lee*, 399 S.C. 521, 529, 732 S.E.2d 225, 229 (Ct. App. 2012) (stating that unfair prejudice "refers to evidence which tends to suggest a decision on an improper basis" (quoting *State v. Collins*, 398 S.C. 197, 207, 727 S.E.2d 751, 757 (Ct. App. 2012))); *State v. Wilson*, 345 S.C. 1, 7, 545 S.E.2d 827,

830 (2001) ("Evidence is unfairly prejudicial if it has an undue tendency to suggest a decision on an improper basis, such as an emotional one.").  Having found the trial court conducted a Rule 403 balancing test on the record and determined the probative value of Marjorie Rogers's testimony was substantially outweighed by the danger of unfair prejudice, a dispositive issue in this case, we decline to reach Wilson's remaining argument.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

**AFFIRMED.**[1]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.