RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0038p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

―――――――――――――

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

No. 14-5276

*v.*

JASON ANTHONY CARTER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
No. 2:12-cr-00113-2—J. Ronnie Greer, District Judge.

Argued: December 2, 2014

Decided and Filed: March 6, 2015

Before: BATCHELDER and ROGERS, Circuit Judges; BECKWITH, District Judge.[*]

―――――――――――――

## COUNSEL

**ARGUED:** David L. Leonard, LEONARD, KERSHAW & HENSLEY, LLP, Greeneville, Tennessee, for Appellant. Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee. **ON BRIEF:** David L. Leonard, LEONARD, KERSHAW & HENSLEY, LLP, Greeneville, Tennessee, for Appellant. Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

―――――――――――――

[*]The Honorable Sandra S. Beckwith, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

1

---

**OPINION**

---

ALICE M. BATCHELDER, Circuit Judge.  Defendant Jason Carter appeals the judgment of conviction in this criminal case.  We REVERSE and REMAND.

**I.**

On the evening of August 24, 2012, Amanda Steadman was cooking a small batch of methamphetamine in her apartment kitchen when the cook bottle exploded.  The explosion blew out the apartment windows, sprayed glass outward as much as 25 yards, and set the apartment ablaze.  It also set fire to Amanda, causing third-degree burns over 15% of her body.  Her husband, James Steadman, who had been assisting her, extinguished Amanda but then, while the apartment burned, collected and hid the materials they had been using for the cook.

Jason Carter was also present, but immediately fled from the explosion.  An alarmed neighbor called the fire department and took notice of Carter's fleeing the scene.  A different neighbor later told police that Carter worked at the Haven of Rest shelter.  Meanwhile, the fire department arrived to evacuate the building and extinguish the fire, paramedics airlifted Amanda to a burn center, and suspicious police questioned James.  Eventually, James admitted to the meth cooking and was decontaminated but not arrested.  In fact, police took him to the Haven of Rest because the apartment building was sealed until it could be decontaminated.

The federal prosecutor charged all three with conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1), possession of the precursors used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6), and creation of a substantial risk of harm to human life during the manufacture of methamphetamine in violation of 21 U.S.C. § 858.  The prosecutor did not charge them with either distribution or conspiracy to distribute.  James and Amanda Steadman entered into plea agreements, in which they agreed to testify against Carter.

Carter entered a not-guilty plea and the case proceeded to a jury trial.  Prior to trial, the prosecutor filed a formal "notice pursuant to [Federal Rule of Evidence] 404(b)" in which she

informed defense counsel "that [she] intend[ed] to offer evidence at trial[,] provided through co-defendant testimony[,] that the defendant [Carter] ha[d] [previously] distributed the controlled substance buprenorphine (Suboxone or Subutex) at the Haven of Rest, where [Carter] was employed at the time of the offense." The prosecutor's theory was that "[Carter]'s conduct in distributing controlled substances . . . [wa]s relevant and admissible to prove his opportunity, intent, plan, knowledge, absence of mistake, or lack of accident in the commission of the acts alleged in th[e] indictment." At a hearing prior to trial, the district court considered the issue and ultimately permitted the testimony. James Steadman testified at trial that he had, on several occasions, witnessed Carter selling suboxone strips at the Haven of Rest.

The jury convicted Carter on all three counts and the court sentenced him to 97 months in prison plus restitution for the damage to the apartment complex. Carter now appeals and the crux of this appeal concerns the district court's admission of the 404(b) evidence.

## II.

While we generally review evidentiary issues for abuse of discretion, there is an on-going dispute in this circuit concerning the proper standard of review of Rule 404(b) evidence. *See United States v. Clay*, 667 F.3d 689, 703 (6th Cir. 2012) (Kethledge, J., dissenting) (noting the "longstanding intra-circuit conflict regarding the appropriate standard of review for evidentiary decisions under Rule 404(b)"); *see also United States v. Chalmers*, 554 F. App'x 440, 449 (6th Cir. 2014) (noting the "disagreement in this circuit as to the standard of review for evidentiary questions under Federal Rule of Evidence 404(b)"). But, because Carter prevails under either standard, de novo or abuse-of-discretion, we need not resolve this issue here.

Under Federal Rule of Evidence 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." In deciding the admissibility of Rule 404(b) evidence, the district court employs a three-step process in which it must determine whether:

(1)     the "other act" actually occurred,

(2)     the evidence is offered for a permissible purpose, and

(3)     its probative value is not substantially outweighed by unfair prejudice.

*United States v. De Oleo*, 697 F.3d 338, 343 (6th Cir. 2012).  One permissible purpose (the one at issue in this appeal) is proof of specific intent.  *See United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994) (explaining that "where the crime charged is one requiring specific intent, the prosecutor may use 404(b) evidence to prove that the defendant acted with the specific intent").  But "[t]o determine if evidence of other acts is probative of intent, we look to whether the evidence relates to conduct that is substantially similar and reasonably near in time to the specific intent offense at issue."  *United States v. Haywood*, 280 F.3d 715, 721 (6th Cir. 2002) (quotation marks omitted); *see also United States v. Ray*, 549 F. App'x 428, 433 (6th Cir. 2013).

At the pre-trial hearing in this case, the district court questioned the prosecutor critically about the proffered 404(b) evidence, eventually homing in on the question: "How does intent to distribute [other drugs] establish intent to join a conspiracy to manufacture [methamphetamine]?"

| | |
|---|---|
| Prosecutor: | We just believe that it shows in this situation that he [Carter] did have the requisite intent to join this conspiracy involving controlled substances.<br><br>As I said earlier, there will be testimony from the witnesses that [Carter] intended to split the proceeds of the, of the methamphetamine that was distributed, although concededly he is not charged with actual distribution, it is a manufacturing charge. So I understand your honor's concerns. |
| Court: | In fact, you told me that the testimony from the coconspirators would be that the motivation for manufacturing it was to obtain it for personal use. |
| Prosecutor: | They were each going to obtain one gram of methamphetamine, and Mr. Carter was going to sell the rest of the methamphetamine and split the proceeds with the people involved in this conspiracy. |
| Court: | So there will be proof that he distributed methamphetamine? |
| Prosecutor: | Yes, Mr. Carter was going to split the methamphetamine and split the money. |
| Court: | . . . [E]ven though conspiracy to manufacture methamphetamine is a specific intent crime, Mr. Carter is not charged with any intent to |

distribute, nor is the government required to prove any intent to distribute; and that's the troubling thing here.

. . .

[But] there's a Sixth Circuit case . . . a mail and wire fraud case, of all things, where the government was allowed to introduce proof of drug dealings to prove specific intent; and the Sixth Circuit said, that's okay, the government can do that because [it] has to prove specific intent; and so they admitted evidence of drug deals involving the defendant upon a prior occasion for the purpose of showing his specific intent in this mail and wire fraud case.

. . .

And the interesting thing about this case, which is *United States v. Bilderbeck*, 163 F.3d 971 [(6th Cir. 1999)], the interesting thing about this case is that the defendant offered to stipulate the specific intent, and the court said that notwithstanding the fact that the defendant didn't intend to put specific intent at issue – the defense in that case was lack of possession – the government still had to prove it as an element of the offense, and so the Sixth Circuit permitted it . . . and [as for the question of] whether or not the probative value of that evidence is substantially outweighed by the danger of unfair prejudice, . . . the Sixth Circuit said it was not.

. . .

Given that a conspiracy to manufacture is a specific intent crime, the government is required to prove Mr. Carter's specific intent to join this conspiracy willfully, with knowledge of its unlawful purpose, so specific intent is something that the government has to prove here. Mr. Carter's specific intent to distribute a controlled substance on a prior occasion relatively close in time is, therefore, in my view probative on the issue of his specific intent in this case.

That's not the end of the inquiry though. Just because the government is permitted to introduce the evidence under rule 404(b) for that purpose does not mean automatically that it will be admitted. The court still has to determine whether or not the probative value is substantially outweighed by the danger of unfair prejudice or confusion of a jury. . . .

. . .

. . . Proof of prior distribution of controlled substances other than those charged in the indictment is probative on the issue of Mr. Carter's specific intent to join this conspiracy with knowledge of its unlawful purpose; and although it is a close question, I find that the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice under the circumstances of this case, so the evidence of prior acts of distribution, which are similar in nature in that they involve drug

> offenses as does this case, and relatively close in time in that they occurred within an eight month period prior to the acts alleged in this case, then are admissible.

[R.115 at pp. 17-25.] To summarize: the court established from the prosecutor the evidence that the other act actually took place, and relying on *Bilderbeck*, decided both that the evidence was admissible for a proper purpose and that the probative value was not substantially outweighed by unfairly prejudicial effect; thus, it declared the evidence admissible.

However, it bears immediate mention that *Bilderbeck* was *not* a "mail and wire fraud case." Rather, the government charged Bilderbeck with attempting to possess and distribute cocaine, and offered evidence of his prior drug deals to show that Bilderbeck had the specific intent to possess and distribute on the occasion in question. *Bilderbeck*, 163 F.3d at 977. Bilderbeck had offered "to stipulate that he intended to attempt to possess the cocaine," *id*., and we held that the prosecutor may introduce 404(b) evidence to prove specific intent even when the defendant stipulates to that intent. *Id*. (quoting *Old Chief v. United States*, 519 U.S. 172 (1997), for the principle that "the prosecution is entitled to prove its case free from a[] defendant's option to stipulate the evidence away"). We did not hold that the prosecutor may introduce "evidence of drug deals involving the defendant []on a prior occasion for the purpose of showing his specific intent in a mail and wire fraud case." *Bilderbeck* does not support that proposition. In fact, we identified no case that supports that proposition, nor has the government pointed us to any such case.

We have, however, held repeatedly that mere possession of a controlled substance is not sufficiently similar to distribution to be probative of a specific intent to distribute controlled substances, even though both are obviously controlled-substance offenses. *See, e.g., United States v. Bell*, 516 F.3d 432, 443-44 (6th Cir. 2008); *Haywood*, 280 F.3d at 721-22; *United States v. Miller*, 562 F. App'x 272, 284 (6th Cir. 2014). In *Bell*, we made it clear that "our cases have only found such ['other act'] evidence probative of present intent . . . when the prior [acts] were part of the same scheme or involved a similar *modus operandi* as the present offense"; to hold otherwise would be to "employ[] the very kind of reasoning–i.e., once a drug dealer, always a drug dealer–which 404(b) excludes." *Bell*, 516 F.3d at 443-44 (citing cases).

Here, the prosecutor did not charge Carter with distribution or conspiracy to distribute; she charged him with conspiracy to *manufacture*. While both crimes require proof of intent, we find no authority to support the proposition that the intent to distribute suboxone strips, an entirely different drug from methamphetamine, in an unrelated venture is probative of a specific intent to join a conspiracy to manufacture homemade methamphetamine. Even accepting that both criminal acts occurred, these two acts do not involve a similar *modus operandi* and are not otherwise sufficiently similar to satisfy Rule 404(b) as we have applied it in our precedent. Consequently, the district court should not have admitted the "other act" evidence.

A district court abuses its discretion when it applies the wrong legal standard or misapplies the correct legal standard, *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 647 (6th Cir. 1993), such that we are left with "a definite and firm conviction that the trial court committed a clear error of judgment," *Harlamert v. World Finer Foods, Inc.*, 489 F.3d 767, 773 (6th Cir. 2007) (citations omitted). That is the situation here with respect to the admission of the 404(b) evidence.

While Carter raised two other claims of error on appeal, our decision on this first issue resolves the appeal. Therefore, we decline to address the other two issues at this time.

**III.**

For all of the foregoing reasons, we REVERSE the judgment of conviction and REMAND to the district court for further proceedings consistent with this opinion.