**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0275n.06

**Case No. 16-1182**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 16, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| CARL LUTHER THOMPSON, II, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| *Defendant-Appellant*. | ) | |
| | ) | |
| | ) | O P I N I O N |

BEFORE:    COLE, Chief Judge; COOK and WHITE, Circuit Judges.

COLE, Chief Judge.    On this direct appeal of his conviction, Carl Thompson II challenges the district court's decisions to admit evidence of his previous drug distribution acts, deny his motion for a new trial based on newly discovered evidence, join his drug and gun charges for trial, and deny his motion for judgment of acquittal. We affirm the district court on all claims.

**I. BACKGROUND**

**A. Factual Background**

On October 8, 2014, Thompson was charged with two counts of possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The indictment charged Thompson with possession of a revolver on June 11, 2013, and of a semiautomatic pistol on June 12, 2013.

The police arrested Thompson along with Jesse Phillips in Grand Rapids, Michigan, on October 21, 2014, in the driveway of 2229 Horton Avenue. Officers searched Thompson and Phillips and then secured them in police vehicles. The searches did not turn up drugs but each man had about $650 on his person. Officer Mollan, who had followed Thompson and Phillips prior to the arrest, investigated a prior stop he had witnessed the two men make. He returned about forty-five minutes later with two U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") agents. At this point, the officers released Phillips. Subsequently, the officers found four bags of drugs on the lawn within ten feet of the car. Testing after the arrest determined that two of the bags contained marijuana (11.73 and 1.56 grams respectively), one contained crack cocaine (7.39 grams), and one contained heroin (3.7 grams).

**B. Procedural Background**

On December 2, 2014, Phillips testified, with immunity, before a grand jury that Thompson threw the drugs out of the car window after they pulled into the driveway at 2229 Horton Avenue. After Thompson's arrest and Phillips's grand jury testimony, the government filed a superseding indictment that charged Thompson with possession with intent to distribute crack cocaine and marijuana. On January 7, 2015, the government filed a second superseding indictment that added heroin to the drugs Thompson was charged with possessing with intent to distribute. The second superseding indictment, which was the operative indictment at trial, charged Thompson with three offenses. Count one charged him with being a felon in possession of a firearm for the June 11, 2013, possession of a loaded Smith and Wesson revolver. Count two charged him with being a felon in possession of a firearm for the June 12, 2013, possession of a Hi-Point semiautomatic pistol. Count three charged him with possession with intent to distribute heroin, cocaine base, and marijuana on October 21, 2014.

Thompson pleaded not guilty to all of the charges and was detained pending trial. In pretrial motions the defense sought to exclude evidence of Thompson's prior marijuana involvement, which included testimony from Thompson's ex-girlfriend Diara Saffore and her mother Erica Nix that he sold marijuana at unspecified times in 2013, his previous marijuana convictions, and text messages that allegedly discuss drug dealing. The district court waited until trial to rule on these issues.

At trial, the government presented twenty-four witnesses. Even after the district court issued a material witness warrant, Phillips, a government witness, failed to show up for trial.

To prove count three, the government elicited testimony from ten witnesses. Saffore, a felon, testified about Thompson's prior instances of selling marijuana. Thompson's trial counsel objected to the relevance of her testimony, but the court allowed the testimony to continue based on a previous ruling about the admissibility of the evidence because the evidence helped demonstrate intent for the specific intent crime charged. Nix, another felon, also testified to previous instances in which she had seen Thompson sell marijuana in the house she shared with Thompson and her daughter.

Julie Snyder, a fingerprint examiner with the Grand Rapids Police Department, testified that she did not find any fingerprints on the bags of drugs retrieved on October 21, 2014, but noted the bags were of a kind that does not normally retain fingerprints.

Officer Butler, a detective in the vice unit, testified to details about the drug trade. He testified that the average-use amount of crack cocaine is .1 grams, and that a typical user will possess between one and five times that amount. He also testified that in his experience he had never come across a user with that amount of crack cocaine (7.39 grams), which would be valued at about $1400. He stated that cell phones and cars are often used as tools to distribute drugs.

Butler testified that the typical consumption amount for heroin is fifty milligrams and that even the "hardest core user" would not use more than a gram in a day. (Trial Tr., R. 139, PageID 1447.) He further estimated that the 3.7 grams of heroin retrieved on October 21, 2014, would be worth over a thousand dollars. He testified that of the two bags of marijuana retrieved, the smaller bag of 1.57 grams is called a nickel bag and is the normal amount sold to street-level purchasers. The larger bag and the smaller bag combined are about fourteen grams, which is the normal amount carried for distribution.

Through Butler's testimony, the government introduced a series of text messages sent and received by Thompson that allegedly related to drug dealing. Thompson's trial counsel objected to the text messages arguing that they constituted hearsay and were unfairly prejudicial. Trial counsel also referenced the court's decision prior to trial about allowing the messages to be admitted. Butler testified that several of the phrases used in the text messages were shorthand or slang terms for drugs or drug-distribution-related terms.

ATF Special Agent Yandl testified that he had interviewed Thompson on multiple occasions and had been involved in the drug and gun investigations. Through Yandl's testimony, the government introduced several pictures from Phillips's social media accounts that showed him and Thompson with guns, marijuana, and wads of cash.

The government presented two stipulations that Thompson agreed to after the court overruled his Rule 404(b) objections: (1) police stopped Thompson on June 28, 2012, and found nine distribution-sized bags of marijuana and $94 on him; and (2) police stopped Thompson on April 20, 2010, and found him with $116, a digital scale and corner bags, and before the stop his passenger threw a bag of marijuana from the car. When the government rested, the defense

moved for a judgment of acquittal on all charges, arguing that the government had failed to produce sufficient evidence to support a conviction. The district court denied the motion.

The defense then presented its case. It produced five witnesses and attributed the drugs to Phillips. Phillips's ex-girlfriend, Sally Hobson, testified that Phillips had been a drug dealer his whole life and had admitted to her on October 21, 2014, after he and Thompson were stopped by police, that he had lost his "stuff." (Trial Tr., R. 140, PageID 1592, 1597.) After the defense rested, Thompson renewed his motion for judgment of acquittal. The district court again denied the motion.

The jury, after about two hours of deliberation, returned a guilty verdict on each count. The jury specifically found that Thompson possessed with intent to distribute marijuana, heroin, and crack cocaine.

On August 5, 2015, after he was convicted, the government notified Thompson's lawyer that Phillips had changed his story and now claimed that he and not Thompson had been holding all the drugs and had thrown them out the window on October 21, 2014. Phillips also claimed that the drugs, other than the larger bag of marijuana, were in fact his, not Thompson's. Thompson moved to vacate his convictions and for a new trial. The district court noted that Phillips's statements had "been all over the map" and that he has "said different things at different times to different people." (Motion for New Trial Hearing Tr., R. 142, PageID at 1732.) The district court denied the motion reasoning that Phillips's statements may have been newly available but were not newly discovered and that there was no "likelihood that Phillips's testimony would support an acquittal," in part because he was too impeachable to "be considered a credible witness in any context." (*Id.* at 1756.)

The district court sentenced Thompson to ninety-eight months in prison and three years of supervised release. Thompson appeals the jury verdict and his sentence on the grounds that the district court wrongly (1) admitted in 404(b) evidence, (2) denied his motion for a new trial for newly discovered evidence, (3) joined his gun and drug charges, and (4) denied his motion for a judgment of acquittal.

## II. ANALYSIS

### A. Admission of 404(b) Evidence

#### 1. Standard of Review

Thompson challenges the admission of (1) testimony by his ex-girlfriend and her mother that they witnessed him sell marijuana, (2) text messages that allegedly alluded to drug sales, and (3) the fact of Thompson's arrests in April 2010 and June 2012. Before considering our court's standard of review for a decision to admit evidence under Rule 404(b), we address the government's contention that admission of Nix's and Saffore's testimony, the text messages, and Thompson's previous arrests should be reviewed under the plain-error standard because trial counsel did not preserve the claims for appeal. "Federal Rule of Evidence 103(a) specifies that a party's objection to a ruling admitting evidence is preserved only if the party timely objects or moves to strike and states the specific ground, unless it was apparent from the context." *United States v. Heflin*, 600 F. App'x 407, 411 (6th Cir. 2015) (internal quotation marks omitted).

The government's argument fails because trial counsel preserved each objection at issue here. Trial counsel objected during the direct testimony of Diara Saffore, Thompson's ex-girlfriend, when she was asked how Thompson made money. While the government is correct that the objection made at trial was for relevance, both parties acknowledge that the trial counsel previously objected and the court made a prior ruling that the testimony was appropriate under

Rule 404(b) "because of the specific intent crime that has been charged." (Trial Tr., R. 137, PageID 965.) Therefore, the context makes clear that trial counsel's objection was on 404(b) grounds. *See United States v. Haywood*, 280 F.3d 715, 725 (6th Cir. 2002) (finding that objection for relevance and prejudice along with government's discussion of 404(b) was enough context to preserve the objection under 404(b)).

The colloquy between the judge and counsel regarding the text messages also includes a statement by Thompson's attorney that she specifically "wanted to make sure the record was clear. I know the Court has already made its ruling. My objection had been overall to all the text messages coming in on 404(b) and being unfairly prejudicial to Mr. Thompson." (Trial Tr. R.139, PageID 1487.) Further, when the parties discussed the stipulation at the end of the government's case, which included the statement about Thompson's prior arrests, his attorney stated she agreed to the stipulation "subject to the objections that I had earlier placed on the record." (*Id.* at 1520.) Consequently, Thompson preserved his objections to the Rule 404(b) evidence at trial.

We do not have a uniform standard of review for evaluating a district court's decision to admit evidence under Rule 404(b). *See United States v. Carter*, 779 F.3d 623, 625 (6th Cir. 2015) ("[T]here is an ongoing dispute in this circuit concerning the proper standard of review of Rule 404(b) evidence."). Some panels of this court have reviewed the district court's determination that the prior act occurred for clear error, the district court's finding that the evidence was offered for a permissible purpose de novo, and the court's determination that the probative value of the evidence was not outweighed by unfair prejudice under an abuse of discretion standard. *See United States v. Bell*, 516 F.3d 432, 440 (6th Cir. 2008); *United States v. Ayoub*, 498 F.3d 532, 547 (6th Cir. 2007); *United States v. Abboud*, 438 F.3d 554, 580 (6th Cir.

2006). Other panels have conducted the entire analysis under an abuse of discretion standard, which is the standard of review for other evidentiary decisions. *See Haywood*, 280 F.3d at 720. Under either standard, there are no grounds for reversal.

*2. The District Court Correctly Admitted the 404(b) Evidence*

Under Federal Rule of Evidence 404(b), "a court may admit evidence of a defendant's 'other' or 'similar' bad acts or crimes only if the evidence is probative of a relevant fact, and not to show the defendant's 'character' or 'propensity' to commit bad acts." *United States v. Mack*, 258 F.3d 548, 552–53 (6th Cir. 2001) (quoting *United States v. Clemis*, 11 F.3d 597, 600 (6th Cir. 1993)). To be admitted, previous "bad acts" evidence may be related to "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). To admit evidence under Rule 404(b), the trial court must follow three steps: (1) make a preliminary determination that enough evidence exists that the prior act actually occurred; (2) determine whether the other acts evidence is being offered for a proper purpose under Rule 404(b); and (3) determine whether the other acts evidence is more prejudicial than probative under Federal Rule of Evidence 403. *See Mack*, 258 F.3d at 553. Rule 403 states, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

a. Prior Acts Actually Occurred

Thompson challenges only the testimony of Saffore and Nix under this step of the analysis, which requires the district court to determine whether the prior acts occurred. Thompson argues that Saffore and Nix never testified to specific times he sold marijuana but

rather to general statements that he was a drug dealer, which is character evidence and inadmissible under Rule 404(b). However, Nix also testified that she twice saw him bring about a pound of marijuana to his house while she was present, that he sold her marijuana a few times, and that she saw him sell marijuana to people that she was with. While Nix did not provide exact dates and times for these events, she referred to specific events rather than "branding Thompson as a marijuana dealer." (Thompson Br. 29.)

Saffore testified that she helped Thompson bag marijuana and that he sold marijuana from the house they shared and from his car. She also testified that she saw Thompson sell "dime and nickel bags" and that she helped him sell those bags on occasion. (Trial Tr., R. 137, PageID 989.) Again, Saffore did not give dates and times for when these sales took place but testified to specific events and not just a general impression of Thompson as a drug dealer.

Thompson further argues that there is insufficient evidence that the prior acts occurred because Saffore and Nix are both felons and they both were biased against Thompson. (Thompson Br. 29.) While both of these points undermine Saffore's and Nix's credibility, the sufficiency standard for Rule 404(b) is not rigorous and only requires that the "jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988). This court has found that even where a witness is not completely reliable, the testimony of that witness is enough for a reasonable jury to conclude that the defendant committed the prior acts. *United States v. Sandoval*, 460 F. App'x 552, 562 (6th Cir. 2012). Here, the jury was aware that Saffore and Nix were convicted felons and that they held strong personal views against Thompson, and the jury could weigh witness credibility and reasonably conclude that the acts occurred and that Thompson was the actor. Accordingly, the district court correctly found that there was sufficient evidence that the acts occurred.

### b. Proper Purpose

Thompson argues that the government has not shown a proper purpose for the evidence. Thompson argues that his previous instances of possessing and distributing marijuana cannot show specific intent for distributing crack cocaine and heroin. Thompson contends that the other-acts evidence is not sufficiently similar to count three because of the large time-lapse since the other acts took place.

"[E]vidence of prior crimes is admissible when specific intent is an element of the crime charged even though lack of criminal intent was not raised as a defense." *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994). "To be probative of intent, the prior act need not 'be identical in every detail' to the charged offense." *United States v. Alkufi*, 636 F. App'x 323, 332 (6th Cir. 2016) (quoting *United States v. Perry*, 438 F.3d 642, 648 (6th Cir. 2006)). "[I]n drug-distribution cases, this Circuit has 'only found . . . [past distribution] evidence probative of present intent . . . when the prior [acts] were part of the same scheme or involved a similar *modus operandi* as the present offense.'" *Id.* at 332 (quoting *United States v. Carter*, 779 F. 3d 623, 627 (6th Cir. 2015)). "Thus, to be probative of a defendant's present intent to possess and distribute, his prior convictions for drug distribution must be related in some way to the present crime for which the defendant is on trial." *Bell*, 516 F.3d at 444.

In *Carter*, we found that the "intent to distribute suboxone strips, an entirely different drug from methamphetamine, in an unrelated venture" was not "probative of a specific intent to join a conspiracy to manufacture homemade methamphetamine." 779 F.3d at 627; *but see United States v. Ismail*, 756 F.2d 1253, 1259 (6th Cir. 1985) (allowing prior acts testimony of importation of hashish and cocaine where defendant was charged with importation of heroin).

We have also held that there is no definitive set of years "that may separate a prior act and the offense charged." *Ismail*, 756 F.2d at 1260. In *Ayoub*, we found proper the admission of a 2000 drug distribution arrest in a trial for charges incurred in 2004. 498 F.3d at 548; *see also United States v. Love*, 254 F. App'x 511, 516 (6th Cir. 2007) (finding an eight-year-old conviction for cocaine trafficking probative where the current charge was conspiracy to traffic cocaine).

While Thompson's previous associations with possessing and distributing marijuana are not exactly the same as distributing marijuana, crack cocaine, and heroin, they are similar enough to allow the admission of the previous acts evidence for the purpose of establishing intent. The previous acts were temporally close and had other similarities like the use of cars as a location for distribution, plastic bags for distribution, and similar quantities of marijuana. We therefore find that the prior marijuana distribution acts are indicative of Thompson's specific intent to sell marijuana, crack cocaine, and heroin.

c. Whether the Evidence is Substantially More Prejudicial than Probative

Even once a court has determined that the evidence can be admitted for a proper purpose, it must determine whether the evidence will be substantially more prejudicial than probative before admitting the evidence under Rule 404(b). This weighing is particularly important in this context because "[w]hen jurors hear that a defendant has on earlier occasions committed essentially the same crime as that for which he is on trial, the information unquestionably has a powerful and prejudicial impact." *Johnson*, 27 F.3d at 1193. We have found that limiting jury instructions can help mitigate the chance of substantial prejudice. *See Ayoub*, 498 F.3d at 548. The Seventh Circuit has held that boilerplate jury instructions where "the government cannot explain how the prior conviction relates to the question of intent without resorting to a propensity

inference" do not cure the risk of unfair prejudice. *United States v. Stacy*, 769 F.3d 969, 975 (7th Cir. 2014) (quoting *United States v. Miller*, 673 F.3d 688, 702 (7th Cir. 2012)).

In this case the district court gave a limiting instruction that stated:

> "[i]f you find the defendant did possess those pictures [of Thompson holding handguns, marijuana, and stacks of cash], did possess marijuana with intent to distribute it before this charge, or sold marijuana before this charge, you can consider the evidence only as it relates to the government's claim on the defendant's intent to distribute the cocaine base, heroin[,] and marijuana in this case. You must not consider it for *any other purpose* including your analysis of Counts I and II alleging that the defendant possessed firearms."

(Trial Tr. R. 140, PageID 1657 (emphasis added).) The limiting instruction here, like in *Ayoub*, attempted to minimize the prejudicial impact of the other acts testimony. This instruction, in contrast to the boilerplate instruction in *Stacy*, was individualized and the record does not reflect that the government made propensity arguments at trial. Therefore, the evidence was not substantially more prejudicial than probative. Consequently, we affirm the district court's decision to allow the 404(b) evidence.

## B. The District Court's Denial of a New Trial

### 1. Standard of Review

Thompson moved for a new trial under Rule 33 of the Federal Rules of Criminal Procedure after Phillips reappeared and recanted part of the testimony he had given at the grand jury and admitted that the drugs, other than the larger bag of marijuana, were his. This court reviews a denial of the Rule 33 motion for abuse of discretion. *United States v. Glover*, 21 F.3d 133, 138 (6th Cir. 1994). "A district court clearly abuses its discretion when it applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *United States v. Turns*, 198 F.3d 584, 586 (6th Cir. 2000) (internal quotation marks omitted).

## 2. *The Denial of a New Trial was not an Abuse of Discretion*

A district court can grant a new trial if the "interest of justice so requires." Fed. R. Crim. P. 33(a). To succeed on a Rule 33 motion the movant must establish the following elements: "(1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal." *United States v. Jones*, 399 F.3d 640, 648 (6th Cir. 2005) (quoting *United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986)).

The district court found that the interests of justice do not require a new trial because even if the evidence was newly discovered it would not lead to an acquittal on the drug charge because Phillips was already considered an unreliable witness, Hobson (a seemingly credible witness) had already testified at trial that the drugs belonged to Phillips, and there was evidence tying Thompson and Phillips together so "Phillips's statements support that Mr. Thompson possessed narcotics either actually or constructively." (Motion for New Trial Hearing Tr., R. 142, PageID 1756.) Since none of that evidence provided at trial swayed the jury, it is not likely that Phillips's partial recantation would produce an acquittal. The district court did not abuse its discretion in denying Thompson's motion for a new trial.

## C. Joinder

### 1. *Standard of Review*

Thompson did not object to the joinder of the charges at trial so this court reviews the district court's decision to join all of the counts for trial under plain-error review. *United States v. Soto*, 794 F.3d 635, 655 (6th Cir. 2015) (holding "that plain-error review applies to claims of misjoinder raised for the first time on appeal"). For this court to consider something plain error,

(1) there must be an error or defect that has not been affirmatively waived, (2) the error must be "clear or obvious," (3) the error must affect the appellant's substantial rights, and (4) if the first three prongs are met, this court has the discretion to remedy the error, which should only be exercised if the "error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.*

### 2. Joinder did not Constitute Plain Error

Rule 8 of the Federal Rules of Criminal Procedure allows the joinder of multiple offenses if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). We have found that Rule 8(a) is meant to be construed broadly to "promote the goals of trial convenience and judicial efficiency." *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001). To determine whether joinder was proper, we should look only at the allegations on the face of the indictment. *United States v. Locklear*, 631 F.3d 364, 368 (6th Cir. 2011). In *United States v. Chavis*, we looked to factors such as the temporal proximity of the offenses, whether the offenses were part of a single overarching criminal scheme, whether the guns charged in the firearms offenses were used in the drug offense, and whether the indictment alleged in any way that the firearm and drug charges were related. 296 F.3d 450, 458 (2002).

Thompson argues that the October 2014 drug offense was not similar in character or based on the same act or transaction as the June 2013 firearm charges. All of the factors discussed in *Chavis* point to a finding of misjoinder in this case. There is temporal proximity between the two firearms charges but a gap of over a year between those charges and the drug charge. There is no evidence to suggest that the three offenses were part of the same criminal scheme or that the drugs involved in the gun charges were connected to the drugs in the

distribution charge.  Examining the face of the superseding indictment, there are no allegations that the firearms charges are related to the drug charge and no allegation that they are part of the same scheme.

However, because plain-error review applies, Thompson must show that the error affected his substantial rights.  An error affects the appellant's substantial rights when "it had substantial and injurious effect or influence in determining the jury's verdict."  *United States v. Lane*, 474 U.S. 438, 449 (1986) (quotation marks and citations omitted).  Thompson argues the misjoinder affected his substantial rights because trying all three charges together allowed "substantive evidence for the respective count(s) to also be used as improper and irrelevant 'other acts' evidence for the other dissimilar count(s)."  (Thompson Br. 53.)  The government argues that the district court acted to mitigate any chance that jurors applied evidence improperly by warning the jurors that "[i]t is your duty to separately consider the evidence that relates to each charge and to return a separate verdict for each one," which prevented any error from affecting Thompson's substantial rights.  (Trial Tr., R. 140, PageID 1646.)  In *Chavis*, the government made a similar argument, and we found that limiting instructions "minimize the danger resulting from improper joinder of offenses."  *Chavis*, 296 F.3d at 462.  In addition, the instruction from *Chavis* is almost identical to the instruction given by the district court in this case.  Therefore, we conclude that the district court did not commit plain error when it joined the gun and drug charges.

**D.  The District Court's Denial of the Motion for Judgment of Acquittal**

Thompson argues that the jury's guilty verdict on count three should be vacated because the evidence was insufficient as a matter of law to establish guilt.  "In considering whether there was sufficient evidence to sustain a conviction, we must determine 'whether, after viewing the

evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Harris*, 293 F.3d 970, 974 (6th Cir. 2002) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Thompson argues that none of the evidence presented by the government established that he had the specific intent to distribute any of the drugs found on October 21, 2014. Further, even if the evidence demonstrated that he had the specific intent to sell marijuana, it did not demonstrate that he had the specific intent to distribute heroin or crack cocaine. The government argues that the evidence in the case, when viewed in the light most favorable to the prosecution, leads to the conclusion that Thompson and Phillips were working "together to deal drugs and tossed the drugs from the car when the police stopped them." (Gov't Br. 69.)

The properly admitted 404(b) evidence and Butler's testimony, when viewed in the light most favorable to the government, are sufficient to support the jury's finding that Thompson had the specific intent to sell marijuana, crack cocaine, and heroin. However, even without the Rule 404(b) evidence, there is minimally sufficient evidence on which a rational trier of fact could find Thompson guilty of count three. Specifically, both Thompson and Phillips were found with similar amounts of cash and the drugs were found outside the vehicle they were in. In addition, Butler's testimony shows that the amount of drugs found is consistent with distribution. With the additional objected-to Rule 404(b) testimony about Thompson's drug related history, the evidence is more than sufficient to show his specific intent to distribute marijuana, heroin, and cocaine. We affirm the district court's denial of Thompson's motion for judgment of acquittal.

### III. CONCLUSION

Because we find no error, we affirm the district court's rulings.

**HELENE N. WHITE, Circuit Judge, concurring**.

I write separately because I am not convinced that the 404(b) evidence was properly admitted to show intent to distribute the heroin and crack cocaine. However, I conclude that any error in the admission of the prior-acts evidence was harmless.

There is considerable difference between distributing marijuana on the one hand, and heroin and crack cocaine on the other. The prior-acts evidence was reflective of intent to do the former, but not the latter. In *United States v. Jenkins*, the defendant was charged with possession of marijuana, cocaine, and crack cocaine with intent to distribute. 593 F.3d 480 (6th Cir. 2010). This crime allegedly occurred at a house located at 1217 Fair Street. The district court admitted 404(b) intent evidence that eight years earlier the defendant was convicted of possessing marijuana with intent to distribute, stemming from an arrest at 1217 Fair Street. *Id.* at 484–85. We concluded that this evidence, where the common threads were marijuana and location, was at best "microscopic[ally]" probative of intent to distribute the additional substances, cocaine and crack cocaine. *See id.* at 485–86. We found this marginal probative value to be outweighed by the potential prejudice to Jenkins at trial on the issue of possession, and accordingly vacated his conviction and remanded the case for retrial. *Id.* at 487.

The 404(b) evidence in Thompson's case is arguably even less probative than in *Jenkins*. The Government charged Thompson with possession with intent to distribute marijuana, heroin, and crack cocaine. The 404(b) evidence was admitted solely as relevant to the issue of intent to distribute. All of that evidence, however—the prior drug arrests, the photos and text messages, and the testimony of Saffore and Nix—dealt with intent to distribute *marijuana*, which was only one of three substances police found bundled on the ground at 2229 Horton Avenue. Here, the only common thread between the prior acts and the charged offense is marijuana; in *Jenkins*, the

past marijuana-distribution offense at least had the additional commonality of allegedly occurring at the same house.

Nevertheless, Thompson was not prejudiced by the use of his past marijuana distribution to prove his intent to distribute all three drugs. The district court made clear to the jury that the prior acts could only be considered with respect to the issue of intent to distribute. As to that issue, the drug quantities in the bags, and their street values, provided overwhelming evidence that the drugs were intended for distribution, rather than for personal use. Thus, any error regarding the admission of the 404(b) evidence was harmless.