**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a1038n.06

**No. 12-6180**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Dec 18, 2013 |
| Defendant-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Western |
| RODERICK RAY, | ) | District of Tennessee |
| | ) | |
| Plaintiff-Appellant. | ) | |

Before:        BOGGS and SUTTON, Circuit Judges; and CLELAND, District Judge.[*]

BOGGS, Circuit Judge.   Roderick Ray appeals his conviction, after a jury trial, for possession of 834 grams of cocaine with intent to distribute.   Ray argues that the court erred in admitting six incidents of prior drug possession and distribution under Federal Rule of Evidence 404(b), both as being inadmissible in their own right for lack of probative value and also because the admission of this evidence was unfairly prejudicial.   For the following reasons, we affirm Ray's conviction.

---

[*]The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

I

On the night of March 17, 2011, police attempted to stop a speeding car on Interstate 155 in Dyer County, Tennessee. As the vehicle was slowing down but still in motion, the passenger-side door opened and Ray jumped out carrying a small plastic bag. He fled the scene, climbing a fence to hide in the grounds of a factory. Upon the arrival of additional officers, the police conducted an extensive search of the fenced-in area and Ray was eventually discovered hiding atop a storage tank. No bags or containers were discovered at the time of his detention but the police, with the assistance of drug dogs, searched the surrounding area, hoping to find the bag that Ray had been observed carrying. In due course, the dogs led the police to discover a bundle on the roof adjacent to Ray's hiding place. It contained two Ziploc bags full of a white, powdery substance later identified as cocaine.

On November 14, 2011, a federal grand jury indicted Ray on one count of possession, with intent to distribute, of approximately 834 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). Before the trial, the government filed a notice of intent to introduce "prior acts" evidence under Federal Rule of Evidence 404(b), followed by a motion *in limine* seeking the admission of evidence regarding a number of prior incidents of Ray's possession and distribution of crack. At the conclusion of a pre-trial hearing, the court held its ruling in abeyance until trial.

A three-day jury trial began on June 25, 2012. On the second day of trial, following the testimony of six witnesses for the prosecution, the court held a hearing, outside the presence of the jury, to determine the admissibility of the government's proposed Rule 404(b) evidence, ultimately granting the government's motion. On June 27, the jury returned a guilty verdict on the charge in the indictment. Ray was sentenced to 124 months in prison followed by four years of supervised release. Ray timely appealed.

## II

We review a district court's rulings under Federal Rule of Evidence 404(b), as we review all evidentiary rulings, for abuse of discretion. *See United States v. Allen*, 619 F.3d 518, 523 (6th Cir. 2010).

Recently, there has been a seeming split within our circuit as to the proper standard to apply in reviewing Rule 404(b) decisions. The first standard, commanded by the Supreme Court and our own precedent, is the simple abuse-of-discretion standard we apply here. *See General Electric v. Joiner*, 522 U.S. 136, 141–142 (1997) ("We have held that abuse of discretion is the proper standard of review of a district court's evidentiary rulings."); *Trepel v. Roadway Exp., Inc.*, 194 F.3d 708, 718–19 (6th Cir. 1999) (reviewing for abuse of discretion in another context because *Joiner*'s "sweeping 'all evidentiary ruling' statement rather clearly means what it says.").

The second standard, which we decline to follow here, follows a three-step process employing a different level of deference at each step, mirroring the three steps employed by district courts in making Rule 404(b) determinations. *See United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012). Recent efforts to cast the three-step 404(b) analysis as the equivalent of abuse-of-discretion review notwithstanding, heightened standards, no matter how they are characterized, must be discarded because they "fail[] to give the trial court the deference that is the hallmark of abuse of discretion review." *Joiner*, 522 U.S. at 143. *But see United States v. Daniel*, 398 F.3d 540, 544 (6th Cir. 2005) (finding multi-step analysis in accord with Supreme Court mandate because, "it is an abuse of discretion to make errors of law").

Accordingly, we review the trial court's evidentiary decisions for abuse of discretion which, "is evident when the reviewing court is firmly convinced that a mistake has been made." *Ross v. Duggan*, 402 F.3d 575, 581 (6th Cir. 2004). A court abuses its discretion when it, "relies on clearly erroneous findings of fact, or when it improperly applies the law." *Ibid.* Under the abuse-of-discretion standard, "[b]road discretion is given to district courts in determinations of admissibility based on considerations of relevance and prejudice, and those decisions will not be lightly overruled." *United States v. Chambers*, 441 F.3d 438, 455 (6th Cir. 2006). Accordingly, we "will leave rulings about admissibility of evidence undisturbed unless we are left with the definite and firm conviction that the district court committed a clear error of judgment." *United States v. Dixon*, 413 F.3d 540, 544 (6th Cir. 2005) (internal alteration marks omitted).

III

Ray claims that the trial court improperly admitted "prior acts" evidence under Rule 404(b). Specifically, Ray contests the admission of evidence of six prior instances of possession and distribution of crack cocaine. His appeal boils down to two arguments. First, Ray claims that the prior-acts evidence was inadmissible in its own right under Rule 404(b) because the only potentially legitimate reason for its admission, to show intent, was barred because the prior acts were too dissimilar in quantity and type of drug from the charged offense to be admissible. Appellant Br. 25–26. Second, Ray argues that, in any event, the 404(b) evidence should not have been admitted because the prejudicial effect of the evidence substantially outweighed its probative value. Appellant Br. 25–26.

5

District courts follow a three-step process in evaluating the admissibility of prior-acts evidence under Fed. R. Evid. 404(b):

> First, the district court must decide whether there is sufficient evidence that the other act in question actually occurred. Second, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. Third, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*Clay*, 667 F.3d at 693. We review each step of this process for abuse of discretion. Because Ray concedes step one for the purpose of this appeal, we need only review the district court's decisions at the second and third steps. Appellant Br. 22.

A

In the second step of its analysis, the district court explicitly admitted the prosecution's prior-acts evidence under Rule 404(b) to show motive, opportunity, intent, plan, absence of mistake, and lack of accident. Ray claims that the district court erred because the evidence was not probative of any material issue. In doing so, he advances two complementary theories. First, Ray relies on our statement in *United States v. Bell*, 516 F.3d 432, 442 (6th Cir. 2008), that the prosecution can only introduce evidence that the defendant "has placed, or conceivably will place, in issue" to argue that the court admitted the 404(b) evidence in error because he did not offer a defense, but instead rested at trial. Appellant Br. 22–23. Second, he argues that the evidence could not be admitted to prove intent because the acts admitted under 404(b) (the possession and distribution of small quantities of crack) and the crime charged (the possession of a significant quantity of cocaine with the intent to distribute) are insufficiently similar to satisfy the requirements of *Clay*, 667 F.3d at 696.

6

As to Ray's first argument, he is correct to suggest that *Bell* (a case that dealt solely with 404(b) evidence showing absence of mistake and lack of accident and intent) restricts the admission of 404(b) evidence to that found probative of a material issue. *Bell,* 516 F.3d at 442. He appears, however, to read *Bell's* holding to mean that 404(b) evidence can only be admitted either to demonstrate an element of a charged offense or to disprove a defense that has *already* been asserted. Appellant Br. 19. According to this reading, Ray claims that *Bell* protects him from the introduction of *any* 404(b) evidence for *any* purpose other than to show intent (an admitted element of possession) simply because he "did not put on a defense, he merely rested his case as soon as the government finished putting on its case." Appellant Br. 23.

This is a misreading of *Bell*. Understanding *Bell*'s holding requires a brief examination of the case upon which *Bell* was based: *United States v. Merriweather*, 78 F.3d 1070 (6th Cir. 1996). The *Merriweather* court, in elucidating the notice requirements placed on the government by Rule 404(b), stated that in order to admit Rule 404(b) evidence, a trial court is bound to "determine whether the identified purpose, whether to prove motive or intent or identity or some other purpose, is 'material'; that is, whether it is 'in issue' in the case." *Merriweather*, 78 F.3d at 1076–77.

But the *Merriweather* court appreciated the complexities faced by trial judges weighing evidentiary decisions, stating that whether 404(b) evidence is admissible, "will sometimes be unclear until late in the trial because . . . [it] often depends on the defendant's theory and the proofs as they develop." *Id.* at 1076. It is for this reason that the court restricted the admissibility of 404(b) evidence only by requiring that it be relevant to "a fact that the defendant has placed, *or conceivably will place*, in issue, or a fact that the statutory elements obligate the government to prove." *Ibid.* (emphasis added).

7

Thus, *Merriweather* allows the government, under the watchful eye of the trial judge, to offer evidence necessary to anticipate a defendant's tactics at trial. It does not, as Ray would have us believe, restrict the prosecution's evidence in its case-in-chief to only that evidence necessary to prove elements of the crime or to address material issues that the defendant has himself already put in issue. The defense cannot immunize itself from the introduction of relevant 404(b) evidence by the simple expedient of silence. In fact, this very case demonstrates why such latitude must be afforded the prosecution. The first (and only) time the defense raised the issue of mistake (by implying that Ray might not have known the contents of the bag), was in its closing argument. Under *Merriweather*, once the prosecution had anticipated such a tactic, it was permitted under Rule 404(b) to admit the evidence necessary to counteract the effects of a potential eleventh-hour introduction by the defense because it was "conceivable" that the defendant could have employed those tactics.

The court did not abuse its discretion by admitting the other-acts evidence under Rule 404(b) for purposes other than to show intent.

Ray's second argument fares even worse. He concedes, as he must, that because he was charged with a specific-intent crime the prosecution may submit other-acts evidence in order to demonstrate intent. Appellant Br. 22. He offers two arguments, however, as to why this particular 404(b) evidence is inadmissible, despite the fact that prior acts of drug distribution have been found to be probative of a defendant's intent to commit drug crimes. *See United States v. Matthews*, 440 F.3d 818, 830 (6th Cir. 2006).

First, Ray highlights the disparate quantities of drugs involved in the charged offense (834 grams) and in the 404(b) evidence (less than 5 grams in each incident). Citing *Clay*, Ray hopes to

8

persuade us that the possession of a large amount of cocaine a matter of days after several attempts to sell smaller amounts of crack is, "too unrelated and too far apart in time to be probative of [specific intent]." *United States v. Clay,* 667 F.3d 689, 696 (6th Cir. 2012). There can be no doubt that the acts brought in under Rule 404(b) were close enough in time to be admissible—all were committed within several weeks of the charged offense. As to the dissimilarity in quantity, the government is quite right to point to our earlier holding that a "conviction for trafficking at least .5 grams of cocaine is substantially similar to the current charge . . . regardless of the difference in the quantity of cocaine underlying the two charges." *United States v. Love*, 254 F. App'x 511, 516 (6th Cir. 2007). *See also United States v. Hicks*, 798 F.2d 446, 451 (6th Cir. 1986) ("Although the amounts . . . were substantially smaller . . . the extrinsic and charged offenses show a similar willingness to traffic in cocaine."). The difference in quantity is not sufficiently material to render the other-acts evidence inadmissible.

Second, Ray challenges the admission of the evidence because, he claims, cocaine and crack are not the same narcotic. We have allowed the introduction of evidence of crack possession to show intent with regard to cocaine in the past. *See, e.g., United States v. Myers*, 123 F.3d 350 (6th Cir. 1997). In addition, the government introduced the evidence of crack sales specifically to demonstrate Ray's intent to employ the large quantity of cocaine in the manufacture and sale of small quantities of crack. The evidence was, therefore, properly admitted to show intent.

Even if Ray were correct in his reading of *Bell*, and the court should not have introduced evidence under Rule 404(b) for reasons other than to show intent, it does not affect the ultimate admissibility of the evidence. If the trial court admitted evidence for a single legitimate reason, the court's articulation of additional erroneous reasons is of no consequence. *See United States v.*

9

*Garcia-Meza*, 403 F.3d 364, 368 (6th Cir. 2005). Put another way: "[w]here a single, legitimate purpose supports the admission of the evidence under Rule 404(b), a trial court's admission of that evidence for additional reasons allowed under the rule does not constitute plain error." *United States v. Stevens*, 303 F.3d 711, 716 (6th Cir. 2002). In this case, the evidence was correctly admitted to show intent. Therefore, even if Ray were correct that it should not have been admitted for other Rule 404(b) purposes, the trial court did not abuse its discretion since it was admitted for at least one legitimate purpose.

Because the district court admitted the government's 404(b) evidence, at the very least correctly admitting it to demonstrate intent, the court did not abuse its discretion at the second step of its Rule 404(b) analysis.

B

In the third step, the court weighed the probative value of the 404(b) evidence against its potential unfair prejudice according to the requirements of Rule 403, according to which "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ." Fed. R. Evid. 403(a). In weighing the other-acts evidence, the court explicitly found that the prejudicial effect of the evidence did not outweigh its probative value. Ray argues that the court was in error, and that the probative value of the evidence was outweighed by unfair prejudice.

Reviewing courts grant "very broad" discretion to the trial court in making this determination. *United States v. Vance*, 871 F.2d 572, 576 (6th Cir. 1989). Additionally, the effect

10

of the evidence must not simply be prejudicial, but it must be "unfairly" prejudicial: "[u]nfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993) (internal quotation marks omitted).

Here, the evidence was clearly probative. The government presented details of six earlier incidents of Ray's possession and distribution of small quantities of crack in order to demonstrate Ray's intent to convert the large quantity of cocaine he was charged with possessing into small batches of crack for sale.

There is no doubt that this litany of earlier acts caused a great deal of prejudice to Ray. However, the prejudice was not *unfair*. *Cf. United States v. Gibbs*, 182 F.3d 408 (6th Cir. 1999) (finding that, although admission of violent, gang-related t-shirts to demonstrate relevant gang membership, "might be prejudicial, we do not believe it constituted unfair prejudice") The government followed the proper procedure in attempting to enter its proposed 404(b) evidence and the court complied with the correct procedure by ruling on the admissibility of the evidence. In addition, the judge provided a limiting instruction to the jury to mitigate any possible unfair prejudice to the defendant, requiring jurors to consider the 404(b) evidence only as to "the defendant's intent, motive, opportunity, plan or lack of accident."

Ray attributes prejudicial effect to the volume of evidence presented under Rule 404(b). Appellant Br. 27–29. Despite some intuitive appeal to Ray's claim, however, a large volume of otherwise legitimately admitted 404(b) evidence does not, in itself, constitute unfair prejudice. *See United States v. Poulsen*, 655 F.3d 492, 509 (6th Cir. 2011).

The trial court did not abuse its discretion in finding that the probative value of the 404(b) evidence outweighed its potential unfair prejudice.

IV

For the reasons stated above, we AFFIRM the district court's judgment of conviction.