NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0013n.06

No. 24-5994

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jan 07, 2026 |
|  | ) | KELLY L. STEPHENS, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| JARROD SANFORD, | ) |  |
| Defendant-Appellant. | ) | OPINION |

Before: BOGGS, BUSH, and READLER, Circuit Judges.

BOGGS, Circuit Judge. A jury convicted defendant Jarrod Sanford of production of child pornography, in violation of 18 U.S.C. § 2251(a)&(e), possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and committing a felony offense with a minor while being required to register as a sex offender, in violation of 18 U.S.C. § 2260A. He was sentenced to 960 months of imprisonment.

On appeal, Sanford argues that the district court erred in admitting evidence that he had raped and sexually abused the child victim on other occasions than the ones charged, that it committed plain error in permitting certain testimony regarding the victim's out-of-court statements. He also contends that his sentence is procedurally and substantively unreasonable, and that there was insufficient evidence to support his conviction for production of child pornography and committing that offense while being required to register as a sex offender.

For the reasons below, we affirm the judgment of the district court in its entirety.

**BACKGROUND**

In November 2023, Jarrod Sanford was a twice-convicted child-sex offender, required by the State of Tennessee to register as a child-sex offender. He was also on federal supervised release. As a condition of his supervised release, Sanford was required to enroll any internet-capable device he possessed in the probation office's computer-monitoring program. Sanford had enrolled one device, a Samsung Android cell phone.

Sanford lived with the thirteen-year-old victim, Anna, in November, 2023 and for several years earlier.[1] Sanford began sexually abusing Anna when she was about ten years old. He first raped her when she was about eleven years old. He continued to sexually abuse her, including raping her vaginally, orally, and anally every other day. Anna initially reported the abuse to a friend and the friend's father in January, 2023. Police were contacted, came and took Anna's phone, and interviewed her, but nothing came of Anna's report.

Sanford began raping her again six months later. Anna disclosed this abuse to another friend. That friend reported the disclosure to a school counselor, who called the police. When the police arrived at Sanford's home in November, 2023, Sanford gave Anna a silver phone and asked her to hide it. This phone was not the Samsung Android cell phone that Sanford had enrolled in the monitoring program.

Anna told responding officers that Sanford had been raping her, that there was a scratch on her leg from the rape, that he had a phone that the probation officer did not know about, that he told her to hide the phone, and that there were probably photographs on the phone of Sanford raping her. Anna also reported that Sanford had raped her the night before, orally and vaginally, and had ejaculated on her breasts.

---

[1] Anna is a pseudonym.

The officers seized the phone, took Anna for a sexual-assault examination by a sexual-assault nurse, and took her for an interview.

The phone contained photographs of the penile-oral rape of Anna by Sanford. Anna identified herself and Sanford in the photographs. Anna's mother also identified Sanford and Anna in the photographs. The photos were taken on a sofa in the living room in the house where Sanford and Anna lived. A forensic examination of the phone revealed connections to Sanford's Google accounts, social media accounts, email address, and phone number. It also contained text messages in which Sanford identified himself and sent a "selfie"-style photo to another person. The phone also contained searches and views of simulated child pornography similar to the photographs of Sanford raping Anna as well as the other instances of rape.

Anna's sexual-assault exam revealed tears in her vagina, bruising on her left forearm and upper thighs, and scratches on her leg. The sexual-assault nurse also took swabs for DNA analysis from Anna's cervix and breasts. DNA testing revealed those samples were a match to Sanford.

Sanford was charged with production of child pornography, in violation of 18 U.S.C. §2251(a)&(e), possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and committing the production offense while required to register as a sex offender, in violation of 18 U.S.C. § 2260A. A jury convicted Sanford of all three charges. The district court also found that Sanford had violated his supervised release. He was sentenced to 960 months of imprisonment, with a consecutive two-year sentence for the supervised-release violation. Sanford now appeals.

## ANALYSIS

Sanford argues that (1) the district court abused its discretion by admitting evidence of his prior rapes of Anna and a limited selection of his pornographic searches, (2) the district court plainly erred in admitting out-of-court statements between Anna's friend Bella[2] and Anna, in which Anna disclosed Sanford's ongoing sexual abuse, (3) his sentence was procedurally and substantively unreasonable, and (4) there was insufficient evidence to convict him of the three offenses.

### A. The district court did not abuse its discretion in admitting evidence related to Sanford's uncharged conduct.

We review "evidentiary rulings concerning relevance and admissibility for an abuse of discretion," taking "a maximal view of the evidence's probative effect and a minimal view of its unfairly prejudicial effect." *United States v. Brown*, 367 F.3d 549, 554 (6th Cir. 2004) (internal citations and quotations omitted).[3] If the evidence was erroneously admitted, we then ask whether the admission was harmless error or whether it requires reversal of the conviction. *United States v. Martinez*, 588 F.3d 301, 312 (6th Cir. 2009).

#### 1. Evidence Regarding Other Rapes of Anna

Sanford first objects to the admission of evidence regarding Sanford's rapes of Anna other than those depicted in the child pornography, including Anna's testimony and physical evidence

---

[2] Bella is also a pseudonym.

[3] The appellee appropriately notes that there is an intra-circuit conflict regarding the appropriate standard of review for Rule 404(b). Certain panels have utilized a three-step approach, applying different levels of scrutiny to each of the three steps of the 404(b) analysis. However, this court most appropriately reviews a district court's rulings under Federal Rule of Evidence 404(b) for abuse of discretion. *See United States v. Ray*, 549 F. App'x 428, 430 (6th Cir. 2013). The Supreme Court has held that "heightened standards [of review], no matter how they are characterized, must be discarded because they 'fail[] to give the trial court the deference that is the hallmark of abuse of discretion review.'" *Ibid.* (second alteration in original) (quoting *Gen. Elec. v. Joiner*, 522 U.S. 136, 143 (1997)). Accordingly, abuse of discretion is the appropriate standard.

of rape. The district court did not abuse its discretion in finding that the evidence of the prior rapes was intrinsic or background evidence of the crime.[4] "This court 'ha[s] recognized the admissibility of *res gestae*, or background evidence, in limited circumstances when the evidence includes conduct that is 'inextricably intertwined' with the charged offense.'" *United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015) (alteration in original) (quoting *United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012)). This may include "evidence that is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of the witness's testimony, or completes the story of the charged offense." *Ibid.* (quoting *United States v. Grooms*, 566 F. App'x 485, 491 (6th Cir. 2014)).

Since Sanford was charged with production of child pornography for photographing himself raping Anna on occasions from July to November of 2023, evidence of his ongoing sexual abuse of Anna is undoubtedly "a prelude to the charged offense," "forms an integral part of the witness's testimony," and "completes the story of the charged offense." *Churn,* 800 F.3d at 779. The district court properly held that evidence of the prior rapes "proves a lot about how this particular photograph or photographs could have been taken, and that [Sanford and Anna] were involved in that photograph." R. 63, PageID 295.[5] It also did not abuse its discretion when it found that the evidence was needed to "tell the story" of how the child pornography was produced. R. 52, PageID 188.

Even if the evidence was not admissible as intrinsic evidence, the district court also appropriately held that the evidence of rape was admissible under Rule 404(b)(2) of the Federal Rules

---

[4] Sanford attempts to distinguish between intrinsic and background evidence, but this court does not. *See United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015) ("[T]he distinctions among *res gestae*, inextricably intertwined evidence, intrinsic evidence, and background evidence [are] far from clear" and "*Res gestae* is sometimes also known as 'intrinsic evidence'.")

[5] All record cites are to the district-court proceedings.

of Evidence. Other bad acts of a defendant are admissible under Rule 404(b), which provides that "[e]vidence of any other crime, wrong, or other act . . . may be admissible for another purpose such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident." Fed. R. Evid. 404(b)(1)–(2). In evaluating Rule 404(b) evidence, the district court must employ a three-step process to decide if: (1) The "other act" actually occurred, (2) the evidence is offered for a permissible purpose, and (3) its probative value is not substantially outweighed by unfair prejudice. *United States v. De Oleo*, 697 F.3d 338, 343 (6th Cir. 2012).

Sanford does not appear to dispute that evidence of his ongoing sexual abuse of Anna goes to the permissible purposes of opportunity, intent, and identity. However, Sanford alleges that the district court "never analyzed the prejudicial effect versus the probative value of the alleged acts of abuse." Appellant's Br. at 38. This is contradicted by the record. The district court found that the probative value of Anna's testimony about the rapes was "quite high" because "[t]he evidence that shows the relationship that these two have had over a long period of time goes to explain how it might have happened as shown in these photographs." R. 63, PageID 301. Similarly, it held that the DNA evidence matching Sanford to samples taken from Anna's cervix and breasts was "highly probative, same victim, same timing, roughly similar acts to what's alleged." *Id.* at PageID 324. And the district court explicitly held that "the probative value outweighs the prejudicial effect." *Ibid.* It additionally gave an appropriate limiting instruction both before the introduction of evidence and when instructing the jury. *See Samia v. United States*, 599 U.S. 635, 646 (2023) (the law "assum[es] that jurors can be relied upon to follow the trial judge's instructions," including limiting instructions).

The district court appropriately found that the evidence was admissible under Rule 414 of the Federal Rules of Evidence as well. Rule 414(a) provides: "In a criminal case in which a

defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). The district court appropriately held that "the prior rapes, the DNA test, all of that . . . falls as much under 414 as it does 404." R. 63, PageID 332.

There was no abuse of discretion.

2.  Portions of Sanford's Pornographic Searches and Views

Sanford next appeals the district court's admission of limited evidence regarding Sanford's internet searches for simulated child pornography to "show the defendant's intent, identity, and motive." R. 67, PageID 379. Sanford argues that the evidence regarding his internet searches was more prejudicial than probative.

It was not. The district court found that "the 404(b) evidence of identity [was] strong" because "the same person who typed those searches is more likely than not the person who possessed those photographs. And the person who possessed those photographs in all likelihood took those photographs." *Id.* at PageID 378. The internet searches show that Sanford was searching for simulated child pornography that very closely resembled the photographs he was charged with taking. Similarly, the district court held it was highly probative of motive: "[T]he searches are really precise in terms of what they're looking for. And the link between those searches and the alleged conduct is quite close, and it shows that the defendant, at least arguably, finds that sort of behavior arousing, and that he would be more likely to go there and engage in that sort of conduct . . . ." *Ibid.*

Evidence of child molestation is necessarily prejudicial, but it is only *unfairly* prejudicial when it is "'more lurid and frankly more interesting than the evidence surrounding the actual charges' and there is a danger the jury would pay undue attention to proof of the prior acts." *United*

*States v. Hough*, 385 F. App'x 535, 537 (6th Cir. 2010) (quoting *United States v. Stout*, 509 F.3d 796, 801 (6th Cir. 2007)). The district court found that admission of this evidence was "prejudicial, but it's not overly prejudicial." R. 67, PageID 378. It found that "the search terms here are certainly not more lurid than the charged conduct," and that "any unfair prejudice from the evidence of the search terms does not substantially outweigh the probative value." *Id.* at PageID 379.

The district court did not abuse its discretion in admitting the searches as evidence under Rule 404(b).

**B. The district court did not plainly err in admitting out-of-court statements pursuant to Federal Rule of Evidence 801(d)(1)(B).**

Sanford also objects to the admission of statements and text messages made by Anna to her friend Bella in 2003, disclosing Sanford's pattern of sexual abuse. Sanford did not object to the admission of these statements at trial, so we review for plain error. Sanford "must show that there is 1) error, 2) that is plain, and 3) that affects substantial rights, and if so, he must persuade us that 4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Yancy*, 725 F.3d 596, 601 (6th Cir. 2013) (citations omitted). To show that an error affects substantial rights, "the defendant ordinarily must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Rosales-Mireles v. United States*, 585 U.S. 129, 134–135 (2018) (cleaned up).

Sanford alleges that the statements are hearsay that should have been excluded, and that they were improperly admitted pursuant to the exception for a declarant-witness's prior statements under Federal Rule of Evidence 801(d)(1)(B)(i). However, contrary to Sanford's claims, the statements were not admitted under the Rule 801(d) hearsay exception. Instead, the district court admitted the statements as non-hearsay. The district court stated that "the text messages between the victim, her friend, and then the friend and the counselor [are] admissible to show why . . . the

friend did what she did and why the counselor did what she did to get the police involved," not for "the truth of the matter asserted." R. 63, PageID 328–29.

There is no need to rule on whether the district court was correct to do so, because Sanford clearly fails to satisfy the third prong for plain error relief. Even if the evidence *was* admitted in error, there is no evidence that "but for the error, the outcome of the proceeding would have been different." *Rosales-Mireles*, 585 U.S. at 134–35. Sanford makes the odd argument that without the statements to Bella, there would be "a diminution of [Anna's] credibility" so great as to change the outcome of the proceedings. Appellant's Br. at 44–45. But this argument is at odds with Sanford's (accurate) assertion that "Mr. Sanford's counsel never attacked [Anna]'s credibility." *Id.* at 44. It seems incredibly implausible that Anna's credibility was so fragile that failing to admit her prior statements would destroy it while Sanford largely failed to challenge her testimony. Indeed, the bulk of defense counsel's closing argument was devoted to arguing not that Sanford did not rape Anna, or even that the child pornography in evidence did not depict Sanford and Anna, but that he did not rape Anna "for the purpose of producing child pornography." *See* R. 121, PageID 1518–24.

There was no meaningful argument that Anna's testimony was not true: In addition to her testimony at trial, the prosecution additionally presented physical evidence of rape, including DNA evidence, and the jury saw photographic evidence of Sanford raping Anna.

Consequently, even if the prior messages had been admitted in error, any error is harmless and would have no impact on Sanford's conviction.

**C. Sanford's sentence is proportional and not excessive.**

The district court sentenced Sanford to 960 months of imprisonment followed by a lifetime of supervised release. Sanford alleges that his sentence is both procedurally unreasonable and substantively unreasonable. Neither is true.

This court reviews sentencing decisions for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Under this standard, this court considers whether the sentence was reasonable procedurally and substantively. *Gall*, 552 U.S. at 51; *United States v. Jeter*, 721 F.3d 746, 755–57 (6th Cir. 2013). A sentence is procedurally unreasonable if the district court committed "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. A "sentence is substantively unreasonable when it is not proportionate to the seriousness of the circumstances of the offense and offender." *United States v. Schrank*, 975 F.3d 534, 536 (6th Cir. 2020) (citation omitted). A sentence within the Guidelines range is afforded a rebuttable presumption of substantive reasonableness. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). Sanford first argues that his sentence is procedurally unreasonable because the district court improperly applied enhancements to his sentence based on a prior qualifying conviction without a jury finding of that prior conviction. However, prior convictions are sentencing factors that do not need to be alleged in the indictment or proven to a jury but instead can be determined by the sentencing judge. *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998).[6] Additionally, and critically, Sanford stipulated to his qualifying conviction and that

---

[6] Sanford attempts to argue that this court should instead follow *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that a sentencing fact that increases the maximum sentence must be pleaded and proved to the jury. 530 U.S. at 490. However, *Apprendi* did not overrule *Almendarez-Torres*, and the Supreme Court has denied certiorari on cases

written stipulation was read to the jury. Sanford admitted that he "was convicted in federal court of transporting an individual to engage in prostitution" and agreed that it was "proven beyond a reasonable doubt." R. 120, PageID 1306. Even if *Almendarez-Torres* didn't preclude Sanford's argument, "no question concerning the right to a jury trial or the standard of proof that would apply to a contested issue of fact" arises when the defendant admits to the qualifying conviction. *Apprendi v. New Jersey*, 530 U.S. 466, 488 (2000). There was no error, and Sanford's sentence is procedurally reasonable.

Sanford also challenges the substantive reasonableness of his sentence. "Sentences within a defendant's Guidelines range are presumptively substantively reasonable." *United States v. Pirosko*, 787 F.3d 358, 374 (6th Cir. 2015). The district court correctly calculated Sanford's Guidelines range of 420 months to 840 months based on his offense level of 40 and criminal history category of V under the statutory provisions of 18 U.S.C. § 2251(e) and 18 U.S.C. § 2252A(b)(2). The Guidelines range was restricted on both ends by statutory minimums and maximums; without those restrictions, the Guidelines range would have been 360 months to life. His 18 U.S.C. § 2260A conviction required a mandatory consecutive sentence of ten years, for a sentencing range of 540 months to 960 months.

The district court appropriately considered the Guidelines range and the 18 U.S.C. § 3553(a) factors. It noted that Sanford had raped Anna repeatedly from a young age. It also noted that Sanford refused to accept responsibility for his conduct, refused to make progress in sex-offender treatment, had a history of sexual crimes and abuse of women, and that his "repeated

---

raising the issue. *See Rangel-Reyes v. United States*, 547 U.S. 1200, 1201 (2006) (mem.). This court has similarly held that "*Almendarez-Torres* precludes any argument that a prior conviction used only for sentencing should be considered an 'element' of the charged crime," making Sanford's argument "dead on arrival." *United States v. Walker*, 761 F. App'x. 547, 551 (6th Cir. 2019).

recidivism shows this Court that a message should be sent in this case. And that message should be that the high end of the guidelines is reserved for some people who continue to violate the law no matter what obstacles the courts put in front of them." R.122, PageID 1597–98. The district court intended for Sanford to "essentially serve a life sentence and . . . not be released." *Id.* at PageID 1599.

The sentence is presumptively reasonable and "proportionate to the seriousness of the circumstances of the offense and offender." *Schrank*, 975 F.3d at 536 (quoting *United States v. Robinson*, 778 F.3d 515, 519 (6th Cir. 2015)).

**D. There was sufficient evidence to support Sanford's conviction for production of child pornography.**

Sanford argues that there was insufficient evidence to support his convictions for production of child pornography, arguing that the government failed to prove that he produced the child pornography on his seized phone. He does not challenge the sufficiency of evidence for possession of child pornography.

The court reviews the evidence in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of each count of conviction beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Avery*, 128 F.3d 966, 971 (6th Cir. 1997). "[A] defendant claiming insufficiency of the evidence bears a very heavy burden." *United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006) (cleaned up). This is because "[t]he government is given 'the benefit of all reasonable inferences' drawn from the evidence, and [appellate] courts must 'refrain from independently judging the weight of the evidence.'" *United States v. Fekete*, 535 F.3d 471, 476 (6th Cir. 2008) (quoting *United States v. Suarez*, 263 F.3d 468, 476 (6th Cir. 2001)).

To convict Sanford of the first count, 18 U.S.C. § 2251, the government had to show (A) that the defendant either employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, and (B) that the visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means.

Sanford disputes only that there was sufficient evidence to show that he was the individual depicted in the photographs. However, the evidence was more than sufficient to convict Sanford. Anna identified Sanford as the person who was depicted in the photographs, as her rapist, and as the person who took the photos of her rape. Anna's mother also identified Sanford in the photos. Sanford's clothes, furniture, and home were identified in the photos. The phone used to take and store the photos was attributed to Sanford through his use of the phone, forensic analysis, and Anna's testimony, and there was DNA evidence that Sanford had raped Anna.

When viewing the evidence in the light most favorable to the government, a rational trier of fact could have found beyond a reasonable doubt that Sanford produced the charged child pornography. The evidence was sufficient to sustain his convictions.

## CONCLUSION

For the reasons above, the judgment of the district court is **AFFIRMED**.